# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

~~STATE OF ILLINOIS~~

~~ILLINOIS COURT OF CLAIM~~S

| | |
|---|---|
| William Lee Grant II | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) |
| | ) |
| vs. | ) |
| | ) |
| STATE OF ILLINOIS | ) |
| | ) |
| ~~Office of the Illinois Governor~~ | ) |
| | ) |
| Defendant, | ) |

### Civil Rights Violations and Retaliation Complaint

District Court has jurisdiction pursuant to: 28 USC 1391(b)(3); 42 USC 1985(3); 42 USC 1983;
U.S. Const. Amend. IV; U.S. Const. Amend. V; U.S. Const. Amend. XIII; and U.S. Const. Amend. XIV

William Lee Grant II, Petitioner, was retaliated against by the Illinois Governor's Office and agencies under the jurisdiction of the Illinois Governor for filing a civil rights complaint with the Illinois Department of Transportation, and an ethics complaint with the Office of Executive Inspector General in 2012.

William Lee Grant II, while employed with the Illinois Department of Transportation (IDOT), filed a civil rights complaint with IDOT's Bureau of Civil Rights. After the civil rights complaint was filed, William Lee Grant II endured a hostile work environment. William Lee Grant II's work hours were changed, work products were tampered with, and William Lee Grant II was given negative performance evaluations.

William Lee Grant II took a leave of absence from IDOT, and was then transferred to IDOT's Chicago Office, and began to be supervised by Richard Abel Kabaker, IDOT Deputy Chief Council. For the next two and a half years, Richard Abel Kabaker treated William Lee Grant II as a "cotton pickin' nigger."

Richard Abel Kabaker offered and then rescinded a promotion for William Lee Grant II. Richard Abel Kabaker gave William Lee Grant II a workload/ work-assignments below the paygrade of a Technical Manager II.

Richard Abel Kabaker assigned William Lee Grant II to work in IDOT's Bureau of Claims office in Schaumburg, Illinois for one and a half months in 2013 against standard operating procedures and personnel policies.

1

William Lee Grant II was struck from behind while operating his state motor vehicle on the Kennedy Expressway by Kelly Knepf, also known as, Kelly Kraft, Director, Illinois Sports Facilities Authority. Ms. Knepf left the scene of the accident.

William Lee Grant II accepted employment with the Office of the Governor in 2014. William Lee Grant II reported to the Governor's Office on November 6, 2014. For the next month, William Lee Grant II was given a myriad of reasons as to the delay in William Lee Grant II being added to the Governor's Office payroll. On December 3, 2014, after the close of business, William Lee Grant II was informed he "could not" be added to the Illinois Governor's Office payroll, and could not return to his employment with IDOT. William Lee Grant II has not received his salary for his month worked in the Illinois Governor's Office.

On December 5, 2014, William Lee Grant II applied for Federal Unemployment Benefits through the Illinois Department of Employment Security (IDES). IDES employee, John T. Frye, purposefully entered Petitioner's information incorrectly, and failed to enter pertinent information in the determination of William Lee Grant II's eligibility pertaining to Federal Unemployment Benefits.

IDES Administrative Law Judge, John Schellenberg, intentionally ruled against Petitioner on March 10, 2015. Petitioner was qualified to receive Federal Unemployment Benefits pursuant to 820 ILCS 405/601(B).

William Lee Grant II found himself **Blacklisted**. William Lee Grant II applied for employment all over America to no avail, except for a short stint on a political campaign. William Lee Grant II was denied employment with the Chicago Transit Authority, State of Illinois, Federal government, and within the private sector.

The Office of Executive Inspector General (OEIG) has declined to investigate. The OEIG allegedly informed Governor Bruce Rauner's administration of the retaliatory actions that occurred, and took no action.

William Lee Grant II attempted to file a civil rights complaint with IDOT in 2016, and was escorted out of the building. The Illinois Department of Human Rights (IDHR) failed to investigate petitioner's complaint against IDOT after 365 days. IDHR has taken no action to investigate the Chicago Transit Authority or Illinois Department of Central Management Services.

The Illinois Human Rights Commission rejected Petitioner's complaint against IDOT refusing Petitioner access to a proper venue for his retaliation (discrimination) complaint.

**The Illinois Attorney General and U.S. Department of Justice do not deny the allegations.** MARYLAND NEBRASKA

ILCD, ILSD, ILND, CDCA, WDVA, EDNC, EDTX, NDTX, WDTX, EDNY, NDGA, N.M.I., NDWV, ALND, ALSD, UTAH, C.F.C., & FED. CIR.

No Judge has found the allegations to be frivolous or malicious (28 U.S.C. 1915(e)(2)(B)(i), fails to state a claim on which relief may be granted (28 U.S.C. (e)(2)(B)(ii), or seeks monetary relief against a defendant who is immune from such relief (28 U.S.C. 1915(e)(2)(B)(iii)).

Mr. Grant has been unable to proceed in Illinois. The WDWA has jurisdiction pursuant to: 28 USC 1391(b)(3). The Illinois Attorney General defaulted and failed to deny  Mr. Grant's allegations in 16-cv-3245 and 17-cv-3261.

11/20/2019

901 WYTHE ROAD
SPRINGFIELD, IL 62702
(217)726-5269

# TABLE OF CONTENTS

RETALIATION COMPLAINT…………………………………………………………………….....…1
TABLE OF CONTENTS……………………………………………………………………..………..3
TABLE OF AUTHORITIES……………………………………………………………………….….4
APPENDIX A - IDES ADJUDICATION SUMMARY………………………………………….....7
APPENDIX B - IDES– ADMINISTRATIVE LAW JUDGE DECISION……………………….……..12
APPENDIX C – REQUEST FOR RECONSIDERATION OF CLAIM ADJUDICATOR'S DECISION…..…14
APPENDIX D – IDES FAILURE TO INVESTIGATE………………………………………….24
APPENDIX E - ORDER DATED JUNE 20, 2016………………………………………………28
APPENDIX F – ORDER DATED SEPTEMBER 21, 2016……………………………………………32

APPENDIX G – ORDER DATED SEPTEMBER 6, 2016 ...........................................................37
APPENDIX H –ORDER DATED OCTOBER 12, 2016 ...........................................................42
APPENDIX I – ORDER DATED DECEMBER 30, 2016 (U.S. COURT OF CLAIMS)...................51
APPENDIX J - ORDER DATED JANUARY 17, 2017 (U.S. COURT OF CLAIMS) ...................53
APPENDIX K –MEMORANDUM OPINION DATED JULY 28, 2017 ...................................58
APPENDIX L – U.S. OFFICE OF SPECIAL COUNSEL LETTER ...........................................62
APPENDIX M– ILLINOIS GOVERNOR'S OFFICE LETTER OF RECOMMENDATION ...................65
APPENDIX N – ILLINOIS LIEUTENANT GOVERNOR LETTER OF RECOMMENDATION .....................67
APPENDIX O – ILLINOIS GOVERNOR'S CHIEF OF STAFF LETTER OF RECOMMENDATION .................69
APPENDIX P – SERVICE OF SUMMONS RECEIPT FOR IL GOV. RAUNER AND U.S. DOJ ..........................71
APPENDIX Q – SERVICE OF SUMMONS RECEIPT FOR RICHARD ABEL KABAKER ..............................76
APPENDIX R – ILLINOIS LT. GOVERNOR OFFICE PERSONNEL FILE DESTRUCTION...........................78
APPENDIX S - SANGAMON COUNTY SHERIFF'S OFFICE LETTER…………………………… 81

APPENDIX T - REQUEST FOR WRIT OF MANDAMUS……………………………………….83
APPENDIX U - U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (EEOC) COMPLAINT…......85
APPENDIX V - U.S. EEOC - EMPLOYMENT APPLICATION LIST SPREADSHEETS…………..………….93
APPENDIX W - U.S. EEOC NOTCE OF SUIT RIGHTS……...…………………………..……………………105
APPENDIX X - ILLINOIS STATE POLICE COMPLAINT dated JUNE 26, 2016…………………………109
APPENDIX Y - ILLINOIS STATE POLICE CONCEALMENT OF CRIME LETTER dated June 30, 2016……112
APPENDIX Z - ILLINOIS STATE POLICE COMPLAINT dated JULY 28, 2016………………….…..……114
APPENDIX AA - ILLINOIS STATE POLICE COMPLAINT dated AUGUST 31, 2017…………………….117

# TABLE OF AUTHORITIES

| AUTHORITY | TITLE |
|---|---|
| 5 U.S.C. §522 (g)(1)(c) | |
| 10 U.S.C. §920 (b)(2) | |
| 18 U.S.C. §241 | Conspiracy Against Rights |
| 28 U.S.C. § 242 | Deprivation of Rights Under Color of Law |
| 28 U.S.C. §1291 | Final Decisions of District Courts |
| 42 U.S.C. § 1985 (3) | Conspiracy to Interfere with Civil Rights |
| Civil Rights Act of 1964 – Title II | Discrimination in public accommodations |
| Civil Rights Act of 1964 – Title III | Denial of access to public accommodations based on race |
| Civil Rights Act of 1964 – Title VI | Prohibition of Discrimination from recipients of Federal funds. |
| Civil Rights Act of 1964 – Title VII | Prohibition of employment discrimination based on race |
| Fed. R. App. P. 15 | Review or Enforcement of an Agency Order |
| Fed. R. Civ. P. 4 (i) | Serving the United States and Its Agencies, Corporations, Officers, or Employees |
| Fed. R. Civ. P. 8 (b)(1)(B) | Defenses; Admissions and Denials |
| Fed. R. Civ. P. 8 (b)(5) | Defenses; Admissions and Denials - Lacking Knowledge or Information |
| Fed. R. Civ. P. 8 (b)(6) | Defenses; Admissions and Denials -  Effect of Failing to Deny |
| Fed. R. Civ. P. 55 (a) | Entering a Default |
| Fed. R. Civ. P. 55 (b)(1) | Entering a Default Judgment - By the Clerk |
| Fed. R. Civ. P. 60 (a) | Corrections Based on Clerical Mistakes; Oversights and Omissions |
| Fed. R. Civ. P. 60 (b)(1) | Grounds for Relief from a Final Judgment, Order, or Proceeding |
| Fed. R. Civ. P. 60 (b)(3) | Grounds for Relief from a Final Judgment, Order, or Proceeding |
| Fed. R. Civ. P. 60 (d)(3) | Other Powers to Grant Relief |
| Fed. R. Civ. P. 81(c)(2)(a) | Removed Actions – Further Pleading |
| Fed. R. Civ. P. 81 (c)(2)(c) | Removed Actions – Further Pleading |
| U.S. Const. Amend. I | |
| U.S. Const. Amend. IV | |
| U.S. Const. Amend. V | |
| U.S. Const. Amend. VI | |
| U.S. Const. Amend. VII | |

| | |
|---|---|
| U.S. Const. Amend. VII | |
| U.S. Const. Amend. VIII | |
| U.S. Const. Amend. XIII | |
| 820 ILCS 405 | Unemployment Insurance Act |
| 740 ILCS 23 | Illinois Civil Rights Act of 2003 |
| 5 ILCS 430 | State Officials and State Employees Ethics Act |
| 740 ILCS 174 | The Whistleblower Protection Act |
| 5 U.S.C. §552 | The Privacy Act of 1974 |
| 745 ILCS 10/2-202 | Local Governmental and Governmental Employees Tort Immunity Act |

# APPENDIX

# APPENDIX A

**Adjudication: Summary**

Menu Numbers Off | Skip to Content | UI Law Handbook | IDES P&P | Legal Opinion | Other Links | Logout

Home

Claims

Adjudication

Appeals

BPC

Accounting

ECF

History

Adjudication: Summary

<< BACK

### Claimant Information

| | | | | | | Show Detail |
|---|---|---|---|---|---|---|
| Name: | WILLIAM L. GRANT | Claimant ID: | 2703013 | | | |
| SSN: | ###-##-5460 | Date of Birth: | 09/15/1985 | BYB: | 06/19/2016 | |

### Employer Information

| | | | | | | Show Detail |
|---|---|---|---|---|---|---|
| Account Number: | 1523 | FEIN: | 376002057 | T/R: | Reimbursable | |
| Employer Name: | DEPT OF TRANSPORTATION | DBA: | DEPT OF TRANSPORTATION | Telephone: | (000) 000-0000 | |
| SIDES E-Mail Address: | | Effective Date: | | | | |

### Current Issue Information

| | | | | | |
|---|---|---|---|---|---|
| Issue Detection Date: | 12/16/2014 | Section Of The Law: | 601A | Source Of Issue: | Protest |
| Protest Received: | Yes | Timely: | Yes | Status: | Lower Authority Decision |
| Protesting Employer: | DEPT OF TRANSPORTATION / DEPT OF TRANSPORTATION | Protest Date: | 12/16/2014 | | |

Summary | ECF | ECF All

### Employment Information

| | |
|---|---|
| Rate Of Pay: | 4001.00  Per Month |
| If Other, please explain: | |
| Length of Employment: | |
| From: | 01/10/2012 |
| To: | 11/05/2014 |

**Adjudication: Summary**

| | |
|---|---|
| Hours of Employment: | |
| From: | 08:30 AM |
| To: | 05:00 PM |
| Additional Information on Hours of Employment: | |
| Employer Name: | DEPT OF TRANSPORTATION |
| UI Account Number: | 1523 |
| Plant Code: | 494 |
| Employer Type: | BCE |
| Contact Name: | |
| Phone Number: | (217) 726-5269 |
| Ext: | |
| What were the claimant's job duties? | Administer of Accounts |

Issue Confirmation

| | |
|---|---|
| Should this interview continue under a different section of the law? | No |
| If yes, what is the correct issue? | |
| Should this interview stop because it is a non-issue? | No |
| Waiver: The claimant waives the right to seven day notice of interview on this issue and understands that the information provided will be used to determine eligibility for benefits. | Yes |

Language

| | |
|---|---|
| Will the interview be conducted in English? | Yes |
| If no, in what language will the interview be conducted? | |
| If Other, please specify: | |
| Translator: | |

Contacts

| Contact Date | Contact Name | Phone Number | Time | Result | Tickler |
|---|---|---|---|---|---|
| 01/06/2015 | William Grant | (217) 726-5269 | 04:25 PM | Made Contact | |

Record: 1 of 1

Claimant Guided Interview

**Voluntary Leave**

| | |
|---|---|
| What was the last day you worked? | 11/05/2014 |
| Is that the date you decided you were leaving your employment? | Yes |
| If "No," what was the date you made the decision to leave employment? | |
| What was the circumstance, incident, or reason that caused you to leave your employment? | I accepted a job with the Governor's Office but I do not have any proof of having worked for this employer due to a Lawsuit involving the teamster's union. Department of Transportation and The Office of The Governor. I was never paid for the short time I was with The Office of Governor and was never considered an employee due to on going lawsuit. I might be paid for the time I spent with The Office of The Governor but the pay would actually come from the Dept. of Transportation and their lawsuit. |

**Adjudication: Summary**

| | |
|---|---|
| Did you still have a choice to remain employed? | Yes |
| When did this circumstance or incident occur? | 11/05/2014 |
| Was this an isolated incident? | Yes |
| If this was an ongoing problem, please explain. | |
| If this incident occurred in the past, why did you wait until to leave? | |
| Did you inform the employer that you were leaving? | No |
| What is the name of the person you informed? | |
| What is the title of the person you informed? | |
| What was the date you informed that person? | |
| What reason did you give the employer for leaving? | |
| Did you submit your resignation in writing? | |
| Did you give the employer a notice period? | |
| Did you complete the notice period? | |
| If "No", please explain. Indicate if the claimant was paid through the notice period. | |
| Did you take any steps, before leaving, to explain or resolve the situation? | No |
| If "Yes," what steps did you take to explain or resolve the situation? | |
| If "No," why didn't you attempt to explain or resolve the situation prior to leaving? | I knew I had to get another job because I believed I was going to be laid off from the Dept. of Transportation. |
| Did the incident or problem violate or change the original hiring agreement? | No |
| If "Yes," how? | |

Initial Screening

| | |
|---|---|
| Is an employer interview required? | No |

Sources

| Date Entered | Time Entered | Source | Name |
|---|---|---|---|
| Nothing found to display. | | | |

Other Sources

Information From Other Sources

| | |
|---|---|
| Is information from other sources required? | No |

Claimant Rebuttal

Rebuttal Screening

| | |
|---|---|
| Is an claimant rebuttal required? | No |

Employer Rebuttal

**Adjudication: Summary**

| | |
|---|---|
| **Rebuttal Screening** | |
| Is an employer rebuttal required? | No |
| **Determination** | |
| **Issue Statement** | |
| Issue Statement: | Did the claimant voluntarily leave employment? |
| **Evidentiary Fact** | |
| Evidentiary Fact: | The evidence shows the claimant voluntarily left work at DEPT OF TRANSPORTATION / DEPT OF TRANSPORTATION because he planned to seek or accept other employment. The new job did not materialize or the claimant was not employed in each of at least two weeks or earn more than twice his weekly benefit amount. (Supporting Information) |
| **Detailed Facts** | |
| Supporting Information: | Claimant could not provide proof of subsequent employment. |
| **Statement of Reasoning** | |
| Statement of Reasoning: | Since the employer did not have the ability to control the conditions or acts the claimant left work voluntarily without good cause attributable to the employer. |
| **Determination Statement** | |
| Determination Statement: | the claimant is ineligible for benefits from (From) and will be determined ineligible until he meets the eligibility requirements. |
| **Decision Information** | |
| Determination: | Deny |
| Determination Date: | 01/20/2015 |
| From: | 11/30/2014 |
| To: | 12/31/9999 |
| Determination Mailed Date (Claimant): | 01/21/2015 |
| Determination Mailed Date (Employer): | 01/21/2015 |
| Party Status: | Yes |
| Workload Credit: | Yes |
| Overpayment Office Error Code: | 4 - Client error |
| **Notice of Reconsideration and Appeal** | |
| **Additional Information** | |
| Date Entered: | 02/20/2015 |
| Entered By: | JOHN T. FRYE |
| Received Type: | Fax |
| Postmark/Fax/Received Date: | 02/03/2015 |
| Source Of Information: | Claimant |
| Other Source Of Information: | |
| Special Assistance: | None |
| Employer Party: | Yes |
| Additional Information: | Claimant Appeal dated 02/03/2015 in ECF states "I was informed by the Illinois Department of |

# APPENDIX B

4250-5097

**Illinois Department of Employment Security**
Appeals - Springfield
607 East Adams, 9th Floor
Springfield, IL 62701
Phone: (800) 244-5631 · TTY: (888) 205-3145
www.ides.illinois.gov

|ıll...ıll.ıll....ıl.ıl.ıl.ıl.ıl.ıl.ıll....ıll.ıl.ı|
WILLIAM L. GRANT
901 WYTHE RD
SPRINGFIELD, IL 62702-3428

| | |
|---|---|
| Date Mailed: | 03/10/2015 |
| Claimant ID: | 2703013 |
| Docket Number: | 1505989 |
| Appeal Filed Date: | 02/03/2015 |
| Date of Hearing: | 03/06/2015 |
| Type of Hearing: | Telephone |
| Place of Hearing: | Springfield |

## Administrative Law Judge's Decision

(Este es un documento importante. Si usted necesita un intérprete, póngase en contacto con el Centro de Servicio al Reclamante al (800) 244-5631)

**Claimant Appellant**
WILLIAM L. GRANT
901 WYTHE RD
SPRINGFIELD, IL 62702-3428

**Employer**
DEPT OF TRANSPORTATION DEPT OF
TRANSPORTATION
2300 S DIRKSEN PKWY
SPRINGFIELD, IL 62764-0001

**Appearances/Issues/Employer Status:** The claimant and employer appeared and testified. Whether the Claimant left work voluntarily without good cause attributable to the employer? See 820 ILCS 405/601A. The employer is a party to the appeal.

**Findings of Fact:** The claimant worked for the employer as a technical manager/staff assistant in the legal department. He was paid about $47,500 a year, began in 2012 and last worked on or about October 27, 2014. The claimant was advised in August of 2014 that the employer was going to lay him off at the end of September. The union filed a lawsuit and the layoff was postponed until the end of October of 2014. The claimant was then advised the layoff has been postponed indefinitely. The claimant was on a month to month lease. The landlord did not renew the lease for the month of November. The claimant returned to his hometown area in Springfield, stopped reporting to his Chicago employer work location and attempted to get a transfer through the Governor's office. The claimant reported to the Governor's office in constituent serves in November and turned in time sheets for November 6, 7, and 10, 2015. The claimant was not paid and there was subsequent contact with this employer regarding pay and his work status. The claimant was ultimately not paid by this employer given he was not working for the employer and was not on its jobsite. The claimant submitted a resignation to the employer on November 21, 2014 effective November 5, 2014. The claimant did not submit any more times sheets to the Governor's office and on or about December 3, 2014 was advised a transfer was not approved there.

**Conclusion:** 820 ILCS 405/601A provides that an individual shall be ineligible for benefits for the weeks in which he has left work voluntarily without good cause attributable to the employing unit and, thereafter, until he has become reemployed and has had earnings equal to or in excess of his current weekly benefit amount in each of four calendar weeks.

The claimant quit his job in Chicago primarily due to issues with his living arrangements. There was also evidence he sought and believed he may have had another job. While the claimant may have had a good reason to quit, the leaving was not attributable to the employer as the employer did not materially change the terms of the working agreement. There was not sufficient evidence to support a finding of an exemption. The claimant was not hired at the Governor's office and was not paid any wages. While he testified that he worked at the Governor's office for a month, the claimant only submitted approximately three days of time sheets for payment (none of which were honored). The claimant is disqualified for benefits under Section 601A of the Act.

**Decision:** The Local Office Determination is AFFIRMED. Pursuant to 820 ILCS 405/601A, the claimant is disqualified for benefits. The claimant is not eligible for benefits from 11/30/2014.

JOHN SCHELLENBERG, Administrative Law Judge
Appeals - Springfield
Fax: (309) 671-3121

L11L                    Page 1 of 2                    APL011L

# APPENDIX C

State of Illinois
Department of Employment Security
www.ides.illinois.gov



**Request for Reconsideration of Claims Adjudicator's Determination and,
if applicable, Appeal to the Referee**

Claimant Information:

Last Name: Grant                                         First Name: William                    MI: L

ID or SSN: 2703013

**(Este es un documento importante. Si usted necesita un intérprete, póngase en contacto con su oficina local.)**

The reconsideration process is governed by section 703 of the Illinois Unemployment Insurance Act and 56 Ill. Adm. Code 2720.160 Reconsidered Finding or Determination. If your Request for Reconsideration becomes an Appeal as a result of the reconsideration process, your case will be forwarded to the appeals unit.

*If you need additional space, please use the other side of this document, if appropriate, or attach a separate sheet of paper.*

Appellant: (Check One)  ☑ Claimant   ☐ Employer (Employer, please provide Company Name and Account #)

                                              Name: _____   Account #: _____

| Section A: Reason for Request for Reconsideration |
|---|

I disagree with the claims adjudicator's determination dated ___01/21/2015___ , regarding Issue 009 601A-Voluntary Leaving
_____ because:      (Give all your reasons and facts)

I was informed by the Illinois Department of Transportation (IDOT) that I was to be laid-off under a "material reorganization" for holding the position of Staff Assistant.

I was offered employment by the Office of the Illinois Governor. I worked for the Office of the Illinois Governor from November 6, 2014 to December 3, 2014.

According the the rules of the Illinois Department of Employment Security, the evidence shows that I did not lose employment through any fault of my own. I accepted a bona fide offer of employment in good faith.

Please refer to Attachment A for my list of reasons and facts for a Request for Reconsideration and an Appeal. Please refer to Attachments B through E for supporting documentation.

* Note to claimant: You must continue to certify for benefits by Tele-Serve or Online for each two week period that you are unemployed during the appeal process.

| Section B: Signature |
|---|

Signature: _William L. Grant_ (signature)                         Date: 02/03/2015

Name (Printed or Typed): William L. Grant          Telephone Number: 217-726-5269

ADJ024F                              Page 1 of 1                    BEN-523              Rev. (09/2011)

- I was employed by the Illinois Department of Transportation (IDOT) as a Staff Assistant.

- I received notice that I was to be laid-off effective the close of business on September 30, 2014. As a result, I made temporary living arrangements in Chicago, IL. (See Attachment B.)

- The Teamster 916 Union received a court injunction delaying the effective date of the layoff until after a court appearance in October of 2014. The State of Illinois failed to produce certain documents, and the effective date of the layoff was postponed to a later date.

- As a result, I had to find temporary living arrangements in Chicago. This caused my having to spend an even greater amount of money to procure accommodations in Chicago for work.

- As a result of the layoff, there was a considerable decline in my workload.

- On November 5, 2014, I was informed that Governor Quinn's Deputy Chief of Staff (Justin Cajindos) would ask the Governor's Chief of Staff (Ryan Croke) to approve me to work in Springfield for a few weeks before returning to the IDOT Chicago Office. I was told that the Chief of Staff had no objection, and that he was going to work out an agreement with IDOT's Acting-Secretary (Erika Borggren) to allow me to work in Springfield, IL for a couple of weeks.

- I reported to the Governor's Capitol Office on November 6, 2014 for work.

- Before I reported to the Governor's Capitol Office, I contacted my direct supervisor (Rick Kabaker, Deputy Chief Council) at IDOT via e-mail, and informed him that I was approved to work in Springfield by Governor Quinn's Chief of Staff and Deputy Chief of Staff. (Please see Attachment C.)

- On the morning of November 7, 2014, I was told to report to IDOT's Central Office in Springfield. A short time later, I was told not to report to IDOT's Central Office due to the attorneys handling the IDOT Staff Assistant litigation "freaking out" over my being allowed to work in Springfield. I was instructed to take the day off.

- Over the weekend; I was informed that I would have to resign from IDOT, I would be hired by the Governor's Office, and then most likely transferred to the Illinois Department of Central Management Services (CMS).

- I reported to the Governor's Office (of Constituent Affairs) on November 10, 2014.

- On November 17, 2014, I contacted IDOT's Bureau of Personnel Management to find out why my paycheck was unexpectedly low. Samantha Helton informed that my Office (Office of Chief Council) stated they did not know where I was, and that IDOT's Chief Council advised her to put me on "dock time." She stated that if I sent her time sheets from where I was working, I would receive "back pay." I submitted time sheets on November 18, 2014 via facsimile. (Please see Attachment D.)

- The week of November 17, 2014, I was contacted by the Deputy Director of Personnel of CMS (Israel Salazar), and he informed me that he wanted to put me in a position at CMS.

Number. 1505989

Attachment A

- On November 21, 2014, I was contacted by Governor Quinn's Deputy Chief of Staff (Juan Morado), and informed that I needed to submit my resignation to IDOT through my former supervisor, Rick Kabaker). (Please see Attachment E.)

- I worked in the Governor's Office of Constituent Affairs from November 10, 2014 until the close of business on December 3, 2014, excluding holidays. Two time sheets are attached. The time sheets are signed by Carmen Flynn, the previous Deputy Director of the Governor's Office of Constituent Affairs. (Please see Attachment D.)

- I was informed after the close of business on December 3, 2014 I was unable to be added to the payroll (i.e., get paid) due to the litigation between IDOT and the Teamster's 916 Union.



**Illinois Department of Transportation**
Office of the Secretary
2300 South Dirksen Parkway / Springfield, Illinois / 62764
Telephone 217/782-5597

August 21, 2014

Mr. Tony Barr
President, General Teamsters/ Professional & Technical Employees Local
Union No. 916
3361 Teamster Way
Springfield, IL 62707

Dear Tony:

In accordance with Article XII, Layoff, of the Collective Bargaining Agreement, this correspondence is your official notification of the Department's intent to initiate a layoff for the position title of Staff Assistants. The proposed effective date of the layoff is at the close of business September 30, 2014, and the reason for the layoff is due to a material reorganization.

The following Collective Bargaining titles for which your organization has exclusive representation rights are proposed for inclusion:

| Position Classifications | Bargaining Unit | Number of Employees | Work County |
|---|---|---|---|
| Technical Manager I | PM | 3 | Sangamon |
| Technical Manager II | PM | 16 | Cook |
| Technical Manager II | PM | 8 | Sangamon |
| Technical Manager II | PM | 2 | Effingham |
| Technical Manager II | PM | 3 | Madison |
| Technical Manager II | PM | 2 | Jackson |
| Technical Manager III | PM | 7 | Cook |
| Technical Manager III | PM | 7 | Sangamon |
| Technical Manager III | PM | 1 | Jackson |
| Technical Manager IV | PM | 3 | Sangamon |
| Technical Manager IV | PM | 2 | Madison |
| Technical Manager V | PM | 1 | Cook |

Questions concerning this layoff may be addressed to Tony Small, Director, Finance & Administration at 217-782-1816.

Sincerely,

Erica Borggren
Acting Secretary of IDOT

Attachment
'B'

*kcof Numbers 1505989*



# Illinois Department of Transportation

Office of the Secretary
2300 South Dirksen Parkway / Springfield, Illinois / 62764
Telephone 217/782-5597

September 16, 2014

William Grant
901 Wythe Rd
Springfield, Il 62702

Dear Mr. William Grant:

It is with regret that I must inform you that, in accordance with Article XII, Section 1, of the General Teamsters/Professional & Technical Employees Collective Bargaining Agreement (Pro-Tech 916), this correspondence will serve as final notification of the Department's layoff due to material reorganization.  Unfortunately, your position has been identified for layoff.  The effective date of the layoff is at the close of business on September 30, 2014.

After the layoff, in order to maintain your eligibility for recall, it is your responsibility to keep the Central Bureau of Personnel Management up to date with your current mailing and/or home address.  Should you need to update your contact information, please call the Bureau of Personnel Management at 217/782-5594. In accordance with Article XII, Section 5, failure to respond when contacted at the address last given by the employee constitutes removal from the Recall List.

Sincerely,

Erica Borggren
Acting Secretary of IDOT

Gmail - Re: out of office                                                    Page 1 of 2

 **Gmail**
by Google

William Grant <wgran2@gmail.com>

## Re: out of office
5 messages

**William Grant** <wgran2@gmail.com>                          Thu, Nov 6, 2014 at 8:57 AM
To: rick.kabaker@illinois.gov
Cc: dot.ch.outofoffice@illinois.gov

Rick,

I've been approved to work in Springfield. I'm at the Capitol today.


Sent from my iPhone

**Kabaker, Rick** <Rick.kabaker@illinois.gov>                 Thu, Nov 6, 2014 at 9:04 AM
To: William Grant <wgran2@gmail.com>

Who approved your working in Springfield?

Richard A. Kabaker, Esq.
Deputy Chief Counsel
Illinois Department of Transportation
100 West Randolph Street - Suite 6-600
Chicago, IL  60601
Tel.:  312-793-4838
Fax:  312-793-3933
CONFIDENTIALITY NOTICE:  This e-mail is a confidential attorney/client, attorney work product, and/or pre-
decisional FOIA exempt document intended solely for the use of the individual(s) to whom it is addressed,
and should be handled accordingly.  If you are not the intended recipient(s), please be advised that you have
received this e-mail in error and that the use, dissemination, forwarding, printing or copying of this e-mail is
strictly prohibited.  If you have received this e-mail in error, please notify Rick Kabaker immediately.
[Quoted text hidden]

**William Grant** <wgran2@gmail.com>                          Thu, Nov 6, 2014 at 9:24 AM
To: "Kabaker, Rick" <Rick.kabaker@illinois.gov>

Gov's Office.

Sent from my iPhone
[Quoted text hidden]

**Kabaker, Rick** <Rick.kabaker@illinois.gov>                 Thu, Nov 6, 2014 at 9:28 AM
To: William Grant <wgran2@gmail.com>

Will:  Who in the Gov. Office approved it?  Rick

Richard A. Kabaker, Esq.
Deputy Chief Counsel
Illinois Department of Transportation
100 West Randolph Street - Suite 6-600
Chicago, IL  60601
Tel.:  312-793-4838
Fax:  312-793-3933

Attachment
'C'

mhtml:file://C:\Users\User\Documents\Gmail - Re out of office.mht

CONFIDENTIALITY NOTICE:  This e-mail is a confidential attorney/client, attorney work product, and/or pre-decisional FOIA exempt document intended solely for the use of the individual(s) to whom it is addressed, and should be handled accordingly.  If you are not the intended recipient(s), please be advised that you have received this e-mail in error and that the use, dissemination, forwarding, printing or copying of this e-mail is strictly prohibited.  If you have received this e-mail in error, please notify Rick Kabaker immediately.


-----Original Message-----
From: William Grant [mailto:wgran2@gmail.com]
[Quoted text hidden]

---

**William Grant** <wgran2@gmail.com>                    Thu, Nov 6, 2014 at 9:35 AM
To: "Kabaker, Rick" <Rick.kabaker@illinois.gov>

COS Croke and Deputy Cajindos. They're both in Chicago today if you want to speak to them.

Sent from my iPhone
[Quoted text hidden]

**Office of the Governor**

Employee Name: William Grant

Attachment 'D'

Employee Signature: _[signature]_

Supervisor Name: Carmen Flynn

Supervisor Signature: Carmen Fm

HOURS ON OFFICIAL STATE BUSINESS

| DAY | DATE | ON | LUNCH OFF | LUNCH ON | DINNER OFF | DINNER ON | OFF | ON | OFF | ON | OFF | HOURS ON STATE BUSINESS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Monday | | | | | | | | | | | | 0:00:00 |
| Tuesday | | | | | | | | | | | | 0:00:00 |
| Wednesday | | | | | | | | | | | | 0:00:00 |
| Thursday | 11/6/14 | 9:15 | 1:00 | 1:30 | | | 5:15 | | | | | 0:00:00 |
| Friday | | | | | | | | | | | | 0:00:00 |
| Saturday | | | | | | | | | | | | 0:00:00 |
| Sunday | | | | | | | | | | | | 0:00:00 |
| Week Total | | | | | | | | | | | | 0:00:00 |

TIME OFF:

| DAY | DATE | VAC | SICK | PL | COMP | HOLIDAY | OTHER PAID LEAVE | FURLOUGH PERSONAL | FURLOUGH VACATION | FURLOUGH DAY (UNPAID) | TOTAL HOURS | DAILY TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Monday | | | | | | | | | | | 0:00:00 | 0:00:00 |
| Tuesday | | | | | | | | | | | 0:00:00 | 0:00:00 |
| Wednesday | | | | | | | | | | | 0:00:00 | 0:00:00 |
| Thursday | | | | | | | | | | | 0:00:00 | 0:00:00 |
| Friday | 11/7/14 | | | | | | | FD | | 7.5 FD | 0:00:00 | 0:00:00 |
| Saturday | | | | | | | | | | | 0:00:00 | 0:00:00 |
| Sunday | | | | | | | | | | | 0:00:00 | 0:00:00 |
| Week Total | | | | | | | | | | | 0:00:00 | WEEK TOTAL: 0:00:00 |

Comments:

---

**Office of the Governor**

Employee Name: William Grant

Employee Signature: _[signature]_

Supervisor Name: Carmen Flynn

Supervisor Signature: Carmen Fm

HOURS ON OFFICIAL STATE BUSINESS

| DAY | DATE | ON | LUNCH OFF | LUNCH ON | DINNER OFF | DINNER ON | OFF | ON | OFF | ON | OFF | HOURS ON STATE BUSINESS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Monday | 11/10/14 | 9:15 | — | | | | 5:15 | | | | | 0:00:00 |
| Tuesday | | | | | | | | | | | | 0:00:00 |
| Wednesday | 11/12/14 | 8:45 | 1:00 | 1:30 | | | 5:15 | | | | | 0:00:00 |
| Thursday | | 9:00 | | | | | 5:00 | | | | | 0:00:00 |
| Friday | | 8:45 | — | | | | 5:15 | | | | | 0:00:00 |
| Saturday | | | | | | | | | | | | 0:00:00 |
| Sunday | | | | | | | | | | | | 0:00:00 |
| Week Total | | | | | | | | | | | | 0:00:00 |

TIME OFF:

| DAY | DATE | VAC | SICK | PL | COMP | HOLIDAY | OTHER PAID LEAVE | FURLOUGH PERSONAL | FURLOUGH VACATION | FURLOUGH DAY (UNPAID) | TOTAL HOURS | DAILY TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Monday | | | | | | | | | | | 0:00:00 | 0:00:00 |
| Tuesday | 11/11/14 | | | | | 7.5 | | | | | 0:00:00 | 0:00:00 |
| Wednesday | | | | | | | | | | | 0:00:00 | 0:00:00 |
| Thursday | | | | | | | | | | | 0:00:00 | 0:00:00 |
| Friday | | | | | | | | | | | 0:00:00 | 0:00:00 |
| Saturday | | | | | | | | | | | 0:00:00 | 0:00:00 |
| Sunday | | | | | | | | | | | 0:00:00 | 0:00:00 |
| Week Total | | | | | | | | | | | 0:00:00 | WEEK TOTAL: 0:00:00 |

Comments:

Gmail - RE: Resignation

Page 1 of 1



William Grant <wgran2@gmail.com>

## RE: Resignation
1 message

**Grant, William L. (GOV)** <William.L.Grant@illinois.gov>
To: "Kabaker, Rick" <Rick.kabaker@illinois.gov>

Fri, Nov 21, 2014 at 10:54 AM

I hereby submit my resignation effective November 5, 2014.

Attachment

' E '

23

# APPENDIX D



**Illinois Department of Employment Security**

Bruce Rauner
*Governor*

Jeffrey Mays
*Director*

March 22, 2017

William Grant
901 Wythe Road
Springfield, IL 62702

Re: Unemployment Claim

Dear Mr. Grant,

This letter responds to your March 2, 2017, e-mail to the Department of Employment Security's EEO Officer, regarding an unemployment-benefit claim that you previously filed. The claim was also the subject of a complaint that you filed last summer with the Office of the Executive Inspector General. I responded to you regarding that complaint on December 19 of last year (see attachment).

Again, the record shows that the Department's Benefit Appeals Division mailed you a decision regarding the claim on March 10, 2015. The record shows that you filed an appeal to the Employment Security Board of Review on July 7, 2016. The decision of the Board of Review issued on August 4, 2016, concluded your appeal was untimely; the Board, therefore, had no jurisdiction over the matter. The Board decision also informed you that you could further appeal the matter to the circuit court on or before 35 days from the mailing date of the decision. It does not appear that an appeal was filed in the circuit court.

The issues before the Illinois Department of Employment Security have been disposed of, and, if you have not timely appealed the Board's August 4 decision, the agency considers this matter closed.

Very truly yours,

Andrew Fox
Manager
Board of Review

Cc: Enclosures

33 South State Street | Chicago, Illinois 60603-2802 | www.ides.state.il.us

**Fox, Andrew**

| | |
|---|---|
| **From:** | Fox, Andrew |
| **Sent:** | Monday, December 19, 2016 3:37 PM |
| **To:** | 'William Grant' |
| **Cc:** | Ramel, Gregory J.; Mueller, Joseph; Weindel, Paula J.; DES.IJLSysAdmSpprt |
| **Subject:** | RE: [External] RE: Office of Inspector General Referral - Retaliation in Federal Unemployment Benefits - William Grant |

Mr. Grant.

The Board of Review decision in this matter was issued on August 4, 2016.  As was included in that Decision you had 35 days from the date of that decision to seek judicial review in the circuit court in the county where you reside.

Thanks.

Andy Fox



**Andrew Fox**
Manager / Chief ALJ
Board of Review
Illinois Dept. of Employment Security
33 S. State Street, 9th Floor
Chicago, IL 60603
Direct Line: 312-793-1291
Facsimile: 630-645-3731

**From:** William Grant [mailto:wgran2@gmail.com]
**Sent:** Monday, December 19, 2016 2:46 PM
**To:** Fox, Andrew; Ramel, Gregory J.; Mueller, Joseph; Weindel, Paula J.; DES.IJLSysAdmSpprt
**Cc:** Springfield (FBI); Fornoff, Chad; thoffmann@hds.ilga.gov; Jayde Huebner; Judith Johnson; OAG.Hotline
**Subject:** [External] RE: Office of Inspector General Referral - Retaliation in Federal Unemployment Benefits - William Grant

Greetings,

The OEIG referred this matter to your Department. I have yet to receive a response, or an offer of corrective action from IDES. I was denied Federal Unemployment benefits by your Department, and then required to repay the benefits I did receive. The IL Attorney General's Office has not denied I was retaliated against for filing an Ethics Complaint and a Civil Rights Complaint with the State of Illinois.

Whay say your Department?

William Grant
901 Wythe Road
Springfield, IL 62702

1

(217)726-6269

William Grant
901 Wythe Road
Springfield, IL 62702
(217)726-5269

2

# APPENDIX E

E-FILED
Monday, 20 June, 2016  04:36:12 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | |
|---|---|
| WILLIAM LEE GRANT, II, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 16-CV-3132 |
| | ) |
| RICHARD ABEL KABAKER, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

On May 12, 2016, Plaintiff, William Lee Grant, II, filed a 36-page *pro se* Civil Rights Complaint (#1) in the Central District of Illinois, Springfield Division. Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* (#2).

On May 24, 2016, the case was assigned to this court.

In his *pro se* Complaint, Plaintiff has named forty Defendants, including Loretta Lynch, the Attorney General of the United States, Bruce Rauner, the Governor of Illinois, and Kasim Reed, the Mayor of Atlanta, Georgia. Plaintiff has also named numerous other government officials as Defendants as well as numerous private companies and individuals. The list of Defendants includes a doctor, two judges and an administrative law judge.

Plaintiff has included allegations regarding incidents which occurred from 2002 to 2016. Plaintiff is seeking $25,000,000 in damages.

The Court realizes that the plaintiff believes he has many grounds and incidents about which he desires to complain or seek some sort of relief. Unfortunately, the plaintiff has brought his complaints in the wrong court, and tried to bring them all at

one time, instead of parsing the potentially meritorious claims into separate state claims.

An indigent plaintiff in a civil rights action may apply to proceed without prepayment of fees under 28 U.S.C. § 1915(a).  *See Hyre v. Univ. of Ill.*, 17 F. Supp. 2d 813, 814 (C.D. Ill. 1998).  However, district courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants.  *Suess v. Obama*, 2014 WL 293817, at *1 (N.D. Ind. 2014).  The plaintiff's *pro se* complaint must be dismissed "if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages." *Millen v. Wis. State Journal*, 2009 WL 2983046, at *1 (W.D. Wis. 2009); *see also Suess*, 2014 WL 293817, at *1; *Hofelich v. United States*, 2006 WL 3841812, at *2 (S.D. Ill. 2006); *Hyre*, 17 F. Supp. 2d at 814.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *quoting Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim is also frivolous when no reasonable person could suppose it to have any merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000); *Hofelich*, 2006 WL 3841812, at *2.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Plaintiff's pro se Complaint does not comply with this rule. *See Millen*, 2009 WL 2983046, at *1.

2

Plaintiff has included numerous, unrelated claims spanning a time period of about fourteen years. Some of the claims are clearly time-barred and others, such as those against the two judges, are barred by absolute immunity. *See Snyder v. Nolen*, 380 F.3d 279, 285-86 (7th Cir. 2004).

This court recognizes that it must construe *pro se* complaints liberally. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Hofelich*, 2006 WL 3841812, at *2. After careful consideration, this court concludes that Plaintiff's *pro se* Complaint is frivolous and fails to state a claim on which relief may be granted. Plaintiff is claiming that all of the many named, mostly unrelated Defendants took actions against him over a lengthy period of time. *See Hofelich*, 2006 WL 3841812, at *2. This court therefore finds that the Complaint rises to the level of the "irrational" and "wholly incredible." *See id.; see also Suess*, 2014 WL 293817, at *2. Accordingly, this court must dismiss this case under 28 U.S.C. § 1915(e)(2)(B) and deny Plaintiff's motion to proceed in forma pauperis. *See Hyre*, 17 F. Supp. 2d at 815; *see also Hofelich*, 2006 WL 3841812, at *2-3.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (#2) is DENIED.

(2) Plaintiff's *pro se* Complaint (#1) is dismissed under 28 U.S.C. § 1915(e)(2)(B).

(3) The Motion to Dismiss (#6) filed by Defendant, John W. Harris, is MOOT.

(4) This case is terminated.

ENTERED this ___20th___ day of _____June_____, 2016.

s/COLIN S. BRUCE
U.S. DISTRICT JUDGE

3

# APPENDIX F

E-FILED
Wednesday, 21 September, 2016  09:20:32 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
#### Urbana Division

WILLIAM LEE GRANT II,

      **Plaintiff,**

v.

RICHARD ABEL KABAKER,
STATE OF ILLINOIS, UNITED STATES
DEPARTMENT OF JUSTICE,

      **Defendants.**

Case No. 16-3245

### ORDER

    This case is before the Court on Plaintiff William Lee Grant II's ("Plaintiff") Motion for Entry of Default (#2) and Motion for Default Judgment (#3). Defendant the United States Department of Justice filed a Response to Plaintiff's Motions (#7). Defendant's Kabaker and the State of Illinois did not specifically respond to Plaintiff's Default Motions, but did file a Motion to Dismiss for Failure to State a Claim (#14). For the reasons set out below, Plaintiff's Motion for Entry of Default (#2) and Motion for Entry of Default Judgment (#3) are DENIED.

### I.    Background

    Plaintiff filed a multi-count Complaint against Defendants in the Circuit Court of the Seventh Judicial Circuit, Sangamon County, Illinois. It appears from the Affidavit attached to Plaintiff's Motion for Entry of Default that Plaintiff attempted service on Defendant the United States Department of Justice on September 2, 2016. Plaintiff's Affidavit also shows that service was attempted on Defendant the State of Illinois on the same date. Finally, Plaintiff's Affidavit indicates that Defendant Kabaker was personally served on August 23, 2016.

    On September 1, 2016, one day before Plaintiff attempted to serve Defendants the United States Department of Justice and the State of Illinois with summons, Defendant the United States Department of Justice filed a Notice of Removal (#1) and removed this case to federal court. Seven days later on September 8, 2016, Plaintiff filed his Motion for Entry of Default (#2) and Motion for Default Judgment (#3). On September 16, 2016, Defendant the United States

Department of Justice filed a Response to Plaintiff's Motions (#7) as well as a Motion to Dismiss for Lack of Jurisdiction and Insufficient Service (#5), a Motion to Dismiss (#8) and a Motion to Strike Plaintiff's Motion for Summary Judgment (#11). Defendants the State of Illinois and Kabaker filed a Motion to Dismiss for Failure to State a Claim (#14) on the same date. The Court will address the Motion for Entry of Default and Motion for Default Judgment as it pertains to each specific Defendant.

## II.      Analysis

### a.   The United States Department of Justice

Plaintiff's Motion asserts that, pursuant to Fed. R. Civ. P. 81(c)(2)(a), Defendant was required to file an answer or otherwise plead no later than September 8, 2016. Before the Court determines Defendant's time limit for responding, Plaintiff's Motion for Entry of Default must first meet the requirements of Fed. R. Civ. P. 55. According to Rule 55(a), if a party against whom judgment is sought fails to plead or defend, **"and that failure is shown by affidavit or otherwise"** the clerk is required to enter that party's default. (emphasis added). Thus, to satisfy Rule 55(a), "the plaintiff first must submit a sworn statement that verifies . . . that the defendant was served properly . . . with the summons and complaint." *Laporte Cmty. Fed. Credit Union v. Wisenbaugh*, 2012 Bankr. LEXIS 6203, *4 (N.D. Ind. 2012).

Plaintiff's Affidavit, attached to his Motion, indicates that Defendant was served with summons on September 2, 2016. Defendant the United States Department of Justice is an agency of the United States Government. Thus, service of process must be affected pursuant to Fed. R. Civ. P. 4(i)(1). Pursuant to Rule 41(i)(1)(A), Plaintiff was required to serve a copy of the summons and Complaint to the United States Attorney for the district where the action is brought. It appears Plaintiff has completed this step. Rule 41(i)(1)(B), however, also requires Plaintiff to mail a copy of the summons and Complaint, by registered or certified mail, to the Attorney General of the United States in Washington, D.C. There is no indication in Plaintiff's Affidavit that he complied with the mandates of Rule 41(i)(1)(B).

Because Plaintiff's Rule 55(a) Affidavit fails to show proper service as required by Rule 41, Plaintiff has not shown that Defendant has failed to plead and the clerk is not required to enter Defendant's default. Additionally, Rule 55(d) states that the Court may only enter default judgment against the United States if Plaintiff establishes a claim to relief by evidence that satisfies the Court. Because Plaintiff has failed to show proper service required by Rule 4, there

is insufficient evidence to satisfy the Court that Plaintiff is entitled to the relief sought at this time.

### b. The State of Illinois

As already noted, Plaintiff is required by Rule 55(a) to show by affidavit or otherwise that Defendant was properly served before default can be entered. Plaintiff's affidavit states that Defendant was served on September 2, 2016. The State of Illinois, however, is immune from suit pursuant to the Eleventh Amendment. U.S. Const. Amend. XI. Plaintiff's Affidavit indicates that summons was served upon "Megan" who apparently works in the office of Governor Bruce Rauner, who is not a party to this action. The Court cannot conclude that leaving a summons with a staff member for an elected official who is not party to this action is sufficient to serve process on an entity that is immune from suit under the Eleventh Amendment. Thus, Plaintiff's Affidavit as to the State of Illinois is also insufficient under Rule 55(a).

### c. Richard Kabaker

Plaintiff's Affidavit indicates that Richard Kabaker was served with summons on August 23, 2016. Pursuant to Rule 81(c)(2)(B), Defendant Kabaker had until September 13, 2016 to file an answer or otherwise plead. On September 16, 2016, 3 days after the deadline, Defendant filed a Motion to Dismiss (#14). "District court judges are well aware that defaults should be entered only when absolutely necessary." *United States v. Di Mucci*, 879 F.2d 1488, 1493 (7th Cir. 1989). "In determining whether to enter a default judgment, the court may consider a number of factors including whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially prejudiced, and how harsh an effect a default judgment might have." *Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005).

As noted, default is a drastic sanction that should only be entered when absolutely necessary. Plaintiff has not shown that Defendant's filing of a responsive pleading three days after the deadline set forth in Rule 81 is the type of drastic situation where the Court should exercise its discretion to enter a default against Defendant. As noted by the *Wolf Lake Terminals, Inc.* court, Defendant's three day tardiness in filing his pleading is "largely technical." Moreover, Plaintiff is in no way prejudiced by Defendant's three day delay in filing his response. Finally, granting Plaintiff's Motion in this case would have an extraordinarily harsh effect on Defendant as Plaintiff is requesting "$16.384 Sextillion." Thus, all the factors set out in *Wolf Lake*

3

*Terminals, Inc.* also favor the Court exercising its discretion to refuse to enter a default against Defendant Kabaker.

### III.   Conclusion

For these reasons, Plaintiff's Motion for Entry of Default (#2) is DENIED. Accordingly, because there has been no entry of default, Plaintiff's Motion for Entry of Default Judgment (#3) is DENIED as moot.

ENTERED this 21st day of September, 2016.

s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE

4

36

# APPENDIX G

E-FILED
Tuesday, 06 September, 2016  01:11:49 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| WILLIAM LEE GRANT, II, )<br><br>Plaintiff, )<br><br>v. )<br><br>RICHARD ABEL KABAKER, et al., )<br><br>Defendants. ) | Case No. 16-CV-3239 |

## ORDER

On August 25, 2016, Plaintiff, William Lee Grant, II, filed a 41-page *pro se* Civil Rights Complaint (#1) in the Central District of Illinois, Springfield Division.  Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* (#2).

On August 31, 2016, the case was assigned to this court.

In his *pro se* Complaint, Plaintiff has named five Defendants, including Loretta Lynch, the Attorney General of the United States, Bruce Rauner, the Governor of Illinois, and Richard Abel Kabaker, Deputy Chief Council of the Illinois Department of Labor, the State of Illinois, and the United States Department of Justice.

Plaintiff has included allegations regarding incidents which occurred from 2010 to 2016, but then also incorporates by reference many claims he made in a case in Illinois state court, going back years.  Plaintiff claims that Illinois Democrats and federal prosecutors attempted to infiltrate him into Governor Rauner's administration to provide evidence of corruption, waste, and fraud.  Plaintiff claims he began working for Illinois Democrats and the Department of Transportation in 2010.  He became part of Governor Quinn's re-election team.  After he was eventually wrongly terminated and

denied benefits by Illinois government, he approached the FBI who said they would look into his case as long as he provided assistance in investigating Governor Rauner. The FBI directed him to the U.S Department of Labor.  Plaintiff claims there are more than 3,000 emails discussing fraud, waste, and abuse in Illinois government between himself, the FBI, U.S. Attorney's Office, Illinois Attorney General's Office, and Speaker Madigan's office.  Plaintiff also makes reference to multiple other claims in his state court proceeding going back years in relation to Illinois government, which include such allegations as Gov. Rauner supporting terrorist elements in Afghanistan and paying Rahm Emanuel to allow the 9/11 attacks to happen.  Plaintiff also alleges claims against Cook County State's Attorney Anita Alvarez, in that she permits the Chicago Police Department to shoot black males "for sport."  Plaintiff also claims he was illegally thrown into a psych ward.  Plaintiff is seeking $30 trillion in damages and for his criminal record to be expunged.

An indigent plaintiff in a civil rights action may apply to proceed without prepayment of fees under 28 U.S.C. § 1915(a).  *See Hyre v. Univ. of Ill.*, 17 F. Supp. 2d 813, 814 (C.D. Ill. 1998).  However, district courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants.  *Suess v. Obama*, 2014 WL 293817, at *1 (N.D. Ind. 2014).  The plaintiff's *pro se* complaint must be dismissed "if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages."  *Millen v. Wis. State Journal*, 2009 WL 2983046, at *1 (W.D. Wis. 2009); *see also Suess*, 2014 WL 293817, at *1; *Hofelich v. United States*, 2006 WL 3841812, at *2 (S.D. Ill. 2006); *Hyre*, 17 F. Supp. 2d at 814.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *quoting Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is also frivolous when no reasonable person could suppose it to have any merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000); *Hofelich*, 2006 WL 3841812, at *2.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's pro se Complaint does not comply with this rule. *See Millen*, 2009 WL 2983046, at *1.

Plaintiff has included numerous, unrelated claims spanning a time period of at least six years. Some of the claims are clearly time-barred. This court recognizes that it must construe *pro se* complaints liberally. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Hofelich*, 2006 WL 3841812, at *2.

After careful consideration, this court concludes that Plaintiff's *pro se* Complaint fails to state a claim on which relief may be granted. Plaintiff is claiming that all of the many named, mostly unrelated Defendants took actions against him over a lengthy period of time. *See Hofelich*, 2006 WL 3841812, at *2. This court therefore finds that the Complaint rises to the level of the "irrational" and "wholly incredible." *See id.; see also Suess*, 2014 WL 293817, at *2. Accordingly, this court must dismiss this case under 28 U.S.C. § 1915(e)(2)(B) and deny Plaintiff's motion to proceed in forma pauperis. *See Hyre*, 17 F. Supp. 2d at 815; *see also Hofelich*, 2006 WL 3841812, at *2-3.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (#2) is DENIED.

(2) Plaintiff's *pro se* Complaint (#1) is dismissed under 28 U.S.C. § 1915(e)(2)(B).

(3)  This case is terminated.

ENTERED this 6th day of   September , 2016.


s/ COLIN S. BRUCE
U.S. DISTRICT JUDGE

# APPENDIX H

E-FILED
Wednesday, 12 October, 2016 11:41:47 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

WILLIAM LEE GRANT,           )
                             )
              Plaintiff,     )
                             )
      v.                     )        Case No. 16-CV-3245
                             )
RICHARD ABEL KABAKER,        )
STATE OF ILLINOIS, and THE   )
UNITED STATES DEPARTMENT     )
OF JUSTICE,                  )
                             )
              Defendants.    )

### ORDER

This case is currently before the court for a ruling on Defendants' Motions to

Dismiss (#5), (#8), and (#14).  Plaintiff's response to the motions was due by October 3,

2016.  Plaintiff failed to file a timely response.  However, Plaintiff did file a late response

on October 6, 2016.  Despite the fact that Plaintiff's response was late, the court has

considered Plaintiff's arguments.  After a thorough review of the motions and the

documents filed in this case, Defendants' Motions to Dismiss (#5), (#8), and (#14) are

GRANTED.

### BACKGROUND

Plaintiff filed the instant lawsuit in Illinois state court on July 22, 2016.

Defendant United States Department of Justice removed the case to this court on

September 1, 2016.[1]  Plaintiff's lawsuit, which he titled "Civil Rights, Employment

---

[1]To the extent that proper service of the parties is in question, the court will
discuss the facts related to service in the appropriate section below.

Discrimination and Retaliation (Whistleblower) Complaint[,]" alleges that Plaintiff was

terminated from his job with the State of Illinois after filing a civil rights complaint.

Plaintiff claims that Defendant Kabaker "discriminated against me on the basis of

my race." Plaintiff claims that "[t]he State of Illinois, its employees, and quasi-

governmental entities conspired against me to retaliate against me for filing two

[c]omplaints to separate me from my employment with the State of Illinois." As for the

United States Department of Justice, Plaintiff claims that:

> The U.S. Federal government knew I would be retaliated against and
> "[b]lacklisted" for filing an Ethics and a Civil Rights Complaint, and I
> would have no choice but to request assistance from the U.S. Department
> of Justice. The U.S. Department used me as an Informant. Furthermore,
> the U.S. Federal government deprived me of my right to life and liberty.
> The U.S. Federal government has not assisted me in gaining remedy to my
> injuries, until I have provided them with information to investigate and
> prosecute "People of Interest" to the U.S. Attorney's Office.

The rest of the complaint contains superfluous language unrelated to the identified

claims or named Defendants.

At the conclusion of the complaint, Plaintiff prayed for damages for bodily harm,

emotional harm, pain and suffering, loss of income, loss of enjoyment of life, property

damage, and for waiving his right to join or create a class action lawsuit. The total

amount sought by Plaintiff is $30 trillion. Defendants have all filed motions to dismiss.

Plaintiff filed a late response, which this court has considered. Defendants' motions,

therefore, are fully briefed and ready to be ruled on.

2

## ANALYSIS

A motion to dismiss serves to test the sufficiency of the complaint, not to decide the merits of the case.  See *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). Therefore, when ruling on a motion to dismiss, a court must accept, as true, all factual allegations contained within the complaint.  See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To survive a motion to dismiss, the complaint need only contain sufficient factual allegations to "'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To meet this standard, the allegations in the complaint must: (1) be detailed enough to "give the defendant 'fair notice of what the claim is and the grounds upon which it rests[;]'" and (2) "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 554, 555) (alteration omitted). Importantly, a plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action elements will not do.  *Twombly*, 550 U.S. at 545.

Here, Defendants argue that Plaintiff's complaint should be dismissed for various reasons.  This court will address the arguments related to each Defendant in turn.

Richard Abel Kabaker

Defendant Kabaker argues that Plaintiff has failed to state a claim against him upon which relief may be granted.  The complaint states that Kabaker is employed as an

3

Attorney/Deputy Chief Council with the Illinois Department of Transportation.  With

respect to Plaintiff's claim against Kabaker, Plaintiff stated:

> Rick Kabaker harassed, discriminated, and retaliated against me for more
> than two and one half years at the Illinois Department of Transportation
> (IDOT) based on my race, and for filing a Civil Rights Complaint and an
> Ethics Complaint with the State of Illinois.

Kabaker argues that Plaintiff's allegations against him are conclusory and fail to

state a claim to relief which is plausible on its face.  After a thorough review of the

complaint, this court agrees.  Plaintiff has failed to provide sufficient allegations

necessary to give Kabaker fair notice of Plaintiff's claim and the grounds upon which it

rests. See *Olson v. Champaign Cnty.*, 784 F3d 1093, 1098.  For instance, Plaintiff has failed

to state how Kabaker harassed, discriminated, and retaliated against him.  Further,

Plaintiff has failed to allege that Kabaker, an attorney with the Illinois Department of

Transportation, was responsible for Plaintiff's termination or any other adverse

employment action.  In fact, Plaintiff has not alleged that Kabaker had any authority

over Plaintiff or his job.

The court finds that the complaint fails to raise a reasonable expectation that

discovery would yield evidence that Plaintiff suffered a loss as a result of Kabaker's

actions.  See *Pierce v. Zoetis, Inc.*, 818 F.3d 274, 280 (7th Cir. 2016); *Twombly*, 550 U.S. at

556.  Therefore, the court must agree with Kabaker that the complaint is devoid of any

allegations which would raise Plaintiff's right to relief above a speculative level.  See

*Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).  As such, Kabaker is dismissed

from the action. See Fed. R. Civ. P. 12(b)(6).

4

State of Illinois

  Defendant State of Illinois (Illinois) argues that the Eleventh Amendment bars

Plaintiff's federal claims and that the Illinois State Lawsuit Immunity Act shields the

state from Plaintiff's claim under the Illinois Whistleblower Protection Act.  The court

agrees with Illinois on both points.

  Eleventh Amendment issues arise whenever a private party, such as Plaintiff in

the instant case, files a federal lawsuit against a state.  See *Kroll v. Board of Trustees of*

*University of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991).  The Eleventh Amendment

provides that "[t]he Judicial power of the United States shall not be construed to extend

to any suit in law or equity, commenced or prosecuted against one of the United States

by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S.

Const. amend. XI.  The United States Supreme Court has held that, despite its express

terms, the Eleventh Amendment also "bars a citizen from bringing suit against the

citizen's own State in federal court."  *Welch v. Texas Dept. of Highways and Public*

*Transportation*, 483 U.S. 468, 472 (1987).

  Although difficult to overcome, Eleventh Amendment immunity is not absolute.

*MCI Telecommunications Corp. v. Illinois Bell Telephone Co.*, 222 F.3d 323, 337 (7th Cir.

2000).  There are three exceptions: (1) a state can consent to a suit; (2) Congress, acting

under its constitutional authority, may abrogate immunity in the drafting of a federal

law; and (3) private parties can sue individual state officials for prospective relief to

enjoin ongoing violations of federal law.  *Id.*

  In this case, Plaintiff's federal claims appear to arise under 42 U.S.C. § 1983.

Importantly, Illinois has not waived its sovereign immunity to actions brought under

5

that section.  See *Thomas v. Walton*, 461 F.Supp.2d 786, 799 (S.D.Ill. 2006).  Further,

Congress has not abrogated the states' immunity to actions brought pursuant to Section

1983.  *Quern v. Jordan*, 440 U.S. 332, 342 (1979).  Therefore, because Plaintiff brings this

suit against the State of Illinois the court must conclude that the claims are barred by the

Eleventh Amendment.

      With respect to Plaintiff's potential claim under the Illinois Whistleblower

Protection Act (Act), the court agrees with Illinois that it is entitled to sovereign

immunity pursuant to the State Lawsuit Immunity Act.  See 745 ILCS 5/1 *et seq.*  The

State Lawsuit Immunity Act states that "the State of Illinois shall not be made a

defendant or party in any court."  745 ILCS 5/1.  Although it is true that Illinois can

consent to be sued, the Illinois Supreme Court has stated that the consent must be "clear

and unequivocal."  *In re Walker*, 546 N.E.2d 520, 522 (1989).  At this time, Illinois has yet

to unequivocally waive its sovereign immunity for actions brought under the Act.  See

*Harris v. Illinois*, 753 F.Supp.2d 734, 742 (N.D.Ill. 2010).  Therefore, the court must

conclude that Plaintiff is barred from bringing a claim under the Act against the State of

Illinois.

      For all of the reasons stated above, the claims brought against Defendant State of

Illinois are dismissed.[2]

---

[2]Although Plaintiff's jurisdictional statement provides a laundry list of state and
federal authority, Plaintiff's federal claims appear to arise primarily under § 1983 and
his state claims under the Illinois Whistleblower Protection Act.  To the extent that
Plaintiff's claims arise under other federal or state authority not discussed in this
section, the court finds that those claims are barred for similar reasons as those stated
herein.  Those claims would also be dismissed under Federal Rule of Civil Procedure
12(b)(6).

6

United States Department of Justice

Defendant United States Department of Justice (DOJ) argues that Plaintiff's complaint should be dismissed for numerous reasons. Although this court agrees with most of the arguments presented, the court will only address dismissal for insufficient service and lack of *in personam* personal jurisdiction.[3]

After a case is removed to federal court, the Federal Rules of Civil Procedure govern the mode of proceeding. See Fed.R.Civ.P. 81(c)(1); *Franny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County,* 415 U.S. 423, 438 (1974). Federal Rule of Civil Procedure 4 lists the requirements for proper service of process. In order to properly serve the United States and its agencies, corporation, officers, or employees, a plaintiff is required to serve summons and the complaint on the United States Attorney for the district where the action is brought and to send a copy of the summons and complaint to the Attorney General of the United States at Washington, D.C. Fed. R. Civ. P. 4(i)(1).

Here, it appears that Plaintiff has properly served the United States Attorney for the Central District of Illinois. However, there is no indication that Plaintiff has mailed a copy of the summons and the complaint to the Attorney General of the United States in Washington, D.C. See Fed. R. Civ. P. 12(l)(1) ("[u]nless service is waived, proof of service must be made to the court"). Plaintiff's failure to comply with the rule is inexcusable due to the clear mandate contained in Rule 4(i)(1) and the fact that Plaintiff

---

[3]Because the court does not have jurisdiction over DOJ, it need not address DOJ's other arguments for dismissal. However, the court notes, with proper jurisdiction, it would have found dismissal appropriate for all of the reasons stated in DOJ's brief (#9).

7

has been aware of this deficiency since at least September 16, 2016, when DOJ filed their first Rule 12 motion.  Plaintiff was again reminded of this requirement on September 21, 2016 in Magistrate Judge Eric I. Long's order.  However, despite the mandate and the reminders, Plaintiff has yet to indicate whether he has fully complied with Rule 4(i)(1).  For this reason, the court must conclude that service on DOJ is improper.

Without proper service, this court lacks *in personam* jurisdiction over DOJ.  See *United States v. Lingas*, 549 F.3d 497, 500 (7th Cir. 2008) ("[a] district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process").  Therefore, the case cannot proceed against DOJ at this time.

For all of the reasons stated above, Defendant DOJ is dismissed from the lawsuit for lack of *in personam* jurisdiction and for insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5).

IT IS THEREFORE ORDERED THAT:

(1) Defendants' Motions to Dismiss (#5), (#8), and (#14) are GRANTED.

(2) Defendants Richard Kabaker, the State of Illinois, and the United States Department of Justice are hereby dismissed as defendants in this action.

(3) This case is terminated.  All other pending motions are DENIED as moot.

ENTERED this 12th day of October, 2016.

s/COLIN S. BRUCE
U.S. DISTRICT JUDGE

8

# APPENDIX I

# In the United States Court of Federal Claims

No. 16-1621C

(Filed: December 30, 2016)

| | |
|---|---|
| WILLIAM LEE GRANT, II, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On December 23, 2016, the Office of the Clerk of Court received correspondence from plaintiff styled as a "Motion for Summary Judgment." Plaintiff's motion, although styled as a motion for summary judgment, contains no arguments and instead refers to the contents of his complaint and "the contents of the dockets of Complaints docketed as 16-CV-3132, 16-CV-3239, and 16-CV-3245." These docket numbers do not correspond to any proceeding at this court. Plaintiff attached to his motion several miscellaneous documents that seem to be filings associated with complaints which he has brought in other jurisdictions. Because there is no provision in the court's rules for the filing of these documents, the Clerk of Court is directed to **RETURN** the items to plaintiff unfiled.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Chief Judge

# APPENDIX J

# ORIGINAL

## In the United States Court of Federal Claims

No. 16-1621C

**FILED**

(Filed: January 17, 2017)

JAN 1 7 2017

U.S. COURT OF
FEDERAL CLAIMS

)
WILLIAM LEE GRANT, II,                ) Pro Se Complaint; Sua Sponte
                                      ) Dismissal; Frivolous.
     Plaintiff,                     )
                                      )
v.                                    )
                                      )
THE UNITED STATES,                    )
                                      )
     Defendant.                     )
                                      )

William Lee Grant, II,, Springfield, IL, pro se.

Heidi L. Osterhout, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, for defendant.

### ORDER OF DISMISSAL

On December 6, 2016, plaintiff, William Lee Grant, II, filed a complaint in this court appearing pro se. ECF No. 1. Plaintiff also filed with his complaint an application to appear in forma pauperis (IFP Application), seeking permission to proceed without paying the court's filing fee. ECF No. 3.

Pursuant to 28 U.S.C. § 1915, a "court of the United States" is permitted to waive filing fees and security under certain circumstances.[1] See 28 U.S.C. § 1915(a)(1); see also Hayes v. United States, 71 Fed. Cl. 366, 366 – 67 (2006) (concluding that § 1915(a)(1) applies to both prisoners and non-prisoners alike). As explained by the website maintained by the court regarding pro se information, "in forma pauperis" is defined as "[p]ermission to sue without prepayment of fees, given by the court to a person who does not have financial means to pay." Pro Se Information, http://www.uscfc.uscourts.gov/pro-se-information (last visited Jan. 13, 2017). Plaintiffs

---

[1] The Court of Federal Claims, while not generally considered to be a "court of the United States" within the meaning of Title 28 the United States Code, is deemed to be a "court of the United States" for purposes of this statute, and thus has jurisdiction to grant or deny IFP applications. See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of 28 U.S.C. § 1915).

wishing to proceed in forma pauperis must submit an affidavit that includes a statement of their assets, declares their inability to pay the fees or give the security, and describes the nature of the action brought and the basis for the redress sought. 28 U.S.C. § 1915(a)(1).

Under ordinary circumstances, "the threshold for a motion to proceed in forma pauperis is not high: [t]he statute requires [simply] that the applicant be 'unable to pay such fees.' 28 U.S.C. § 1915(a)(1). To be 'unable to pay such fees' means that paying such fees would constitute a serious hardship on the plaintiff." Fiebelkorn v. United States, 77 Fed. Cl. 59, 62 (2007); see also Moore v. United States, 93 Fed. Cl. 411, 414 – 15 (2010).

Regardless of whether the filing fee is paid or waived, the court must dismiss a case upon determining that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e); Neitzke v. Williams, 490 U.S. 319, 325 (1989) (defining when an action lacks an arguable basis in law or fact); Taylor v. United States, 568 F. App'x 890, 891 (Fed. Cir. 2014) (citing 28 U.S.C. § 1915(e)(2)(B)) ("a district court is required to dismiss a frivolous complaint from a litigant who is proceeding in forma pauperis."). "Frivolous complaints include those in which the factual allegations asserted are so unbelievable that there is no need for an evidentiary hearing to determine their veracity." Taylor, 568 F. App'x at 891 (citing Neitzke, 490 U.S. at 327 (frivolous claims include those that describe "fantastic or delusional scenarios")).

In his complaint, Mr. Grant presents the following questions for resolution by the court:

1. What are the legal ramifications to the U.S. Department of Justice for creating a program to investigate the United States Federal government, and for engineering a person from birth to be an Informant for the Justice Department violating his constitutional rights?

2. Where shall Illinois Governor Bruce Rauner and Chicago Mayor Rahm Emanuel be tried for their acts of treason?

3. Will this court direct Hillary Clinton to submit to a DNA test to verify it was her hair found on the body of Vince Foster?

4. Where shall Dick Cheney and Donald Rumsfeld be tried for their invasion of a Iraq [in] violation International law?

Compl. 3.

The court's initial review of Mr. Grant's complaint suggests that he does not state a claim over which this court has jurisdiction. See 28 U.S.C. § 1491(a)(1); Hebert v. United States, 114 Fed. Cl. 590, 593 (2014) (failure to comply with court's jurisdictional requirements not excused even for pro se plaintiffs). "Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004). "In deciding whether there is subject-matter jurisdiction, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." Folden, 379 F.3d at 1354 (quoting Shearin v. United States, 992 F.2d 1195, 1195–96 (Fed. Cir. 1993)). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. Rules of the United States Court of Federal Claims (RCFC) 12(h)(3).

With limited exceptions, this court has authority to "issue judgments for money against the United States only when they are grounded in a contract, a money-mandating statute, or the takings clause of the Fifth Amendment." Drake v. Fitzwater, No. 14-408C, 2015 WL 1883766, at *1 (Fed. Cl. Apr. 23, 2015) (citing United States v. Testan, 424 U.S. 392, 397–98 (1976)). A plaintiff must "identify a substantive right for money damages against the United States separate from the Tucker Act itself" for the court to exercise jurisdiction over a claim. Todd v. United States, 386 F.3d 1091, 1094 (Fed. Cir. 2004). The substantive source of law allegedly violated must "'fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. 287, 290 (2009) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)). Mr. Grant's failure to ground his claims in a money-mandating statute, regulation, or contract, leaves this court without jurisdiction to hear his claims.

Mr. Grant has brought strikingly similar claims in other federal courts that were found to be frivolous and dismissed. See Grant v. Kabaker et al., No. 16-CV3132, ECF No. 7 (C.D. Ill., June 20, 2016) (dismissing plaintiff's claims as frivolous and denying plaintiff's motion to proceed in forma pauperis); Grant v. Kabaker et al., No. 16-CV3239, ECF No. 3 (C.D. Ill., Sept. 6, 2016) (dismissing plaintiff's claims as frivolous and denying plaintiff's motion to proceed in forma pauperis); Grant v. Kabaker et al., No. 16-CV3245, ECF No. 24 (C.D. Ill., Oct. 12, 2016) (granting defendant's motion to dismiss for failure to state a claim). Plaintiff's complaint before this court appears to be a hand edited copy of a petition for writ of certiorari prepared on behalf of plaintiff for filing with the Supreme Court that requests review of three of plaintiff's claims dismissed by the U.S. District Court of the Central District of Illinois. Compl.

Plaintiff has appealed to the Seventh Circuit Court of Appeals challenging the district court's determination of his claims as frivolous. That appeal is still pending. Grant v. Kabaker et al., No. 16-CV3748, (7th Cir., Oct. 24, 2016) appealing No. 16-CV3245 (C.D. Ill., 2016). Persuaded that plaintiff's motion for leave to proceed in forma

pauperis on appeal was not brought in good faith, the district court denied that motion. Grant, No. 16-CV3245, ECF No. 33.

In light of this litigation history, and in accordance with the guidance provided by the Federal Circuit in Taylor, 568 F. App'x at 891, the court finds that plaintiff's complaint involves fantastic allegations that do not require – and cannot receive – further proceedings here. The court also finds that plaintiff's history of filing frivolous, repetitive, and vexatious actions weighs heavily against granting plaintiff's IFP application. The cases plaintiff has filed to date reflect an abuse of the judicial process, which depletes the court and the government of the resources required to address meritorious claims brought by pro-se litigants.

Based on plaintiff's history of vexatious and duplicative litigation, the court finds that plaintiff is not entitled to a waiver of the filing fee. Accordingly, plaintiff's IFP Application is **DENIED**, and plaintiff's complaint is **DISMISSED** as frivolous in accordance with 28 U.S.C. § 1915(e)(2)(B), and for lack of subject matter jurisdiction under RCFC 12(h)(3).

The Clerk of Court shall enter judgment for defendant. No costs.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Chief Judge

57

# APPENDIX K

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

William Lee Grant II,                )
                                     )
        Plaintiff,                   )
                                     )
        v.                           )        Civ. Action No. 17-1434 (UNA)
                                     )
United States Department of Justice, )
                                     )
        Defendant.                   )
_____)

MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and

application for leave to proceed *in forma pauperis*. The application will be granted and the

complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a case

upon a determination that the complaint fails to state a claim upon which relief may be granted

or is frivolous).

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff initiated this action by filing his

"Certification," which the court liberally construes to be his Complaint [Dkt. # 1]. The

complaint begins with ten enumerated seemingly random statements about the sole defendant,

U.S. Department of Justice ("DOJ"), as well as the United States Congress, the State of Illinois,

former Vice President Dick Cheney, former Secretary of State Hillary Rodham Clinton, former

Chicago Mayor Richard M. Daley, and others. Compl. at 1-2. Plaintiff then poses five questions

1

that no court can answer. *See id.* at 3. In the most lucid section of the 77-page complaint, captioned "Statement of the Issues," plaintiff alleges that "[s]ome Illinois Democrats and Federal Prosecutors . . . planted [him] in the State of Illinois . . . government to become an Informant for [DOJ]." Compl. at 7. Although plaintiff does not state when that occurred, he claims that he was an Illinois state employee from 2009 to 2014, when he was laid off. *Id.* Plaintiff alleges that he "was retaliated against for filing a Civil Rights Complaint and an Ethics Complaint in 2012 with the State of Illinois," that he "was wrongfully denied Federal unemployment benefits from the Illinois Department of Employment Security in 2015," and that he was "Blacklisted[.]" *Id.* When plaintiff was "unable to find employment anywhere in America, [he] had no option but to seek assistance from the DOJ." *Id.*

According to plaintiff, DOJ "created a program to investigate itself more than thirty years ago," which "is a violation of [plaintiff's] Constitutional Rights." *Id.* Plaintiff claims that both DOJ and the State of Illinois "have hindered [his] access to life, liberty, and the pursuit of happiness." *Id.* Plaintiff then proceeds to discuss his complaints filed in state and federal courts in Illinois, which he suggests DOJ failed to answer. *See id.* at 8. Plaintiff "seeks $30 Trillion in compensatory and punitive damages" because the State of Illinois and DOJ "Defaulted in this matter by failure to plead[.]" *Id.* Among the various attachments to the complaint is an order issued by the U.S. District Court for the Central District of Illinois dismissing plaintiff's federal civil rights complaint under § 1915(e)(2)(B), upon concluding that the complaint "is frivolous and fails to state a claim on which relief may be granted." Compl. App'x A at ECF p. 20. The instant complaint will suffer the same fate.

Complaints lacking "an arguable basis either in law or in fact" are subject to dismissal as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "In determining whether a particular .

2

. . complaint is frivolous . . . under Section 1915[e], the threshold issue for the trial court is an assessment of the substance of the claim presented, *i.e.*, is there a factual and legal basis . . . for the asserted wrong, however inartfully pleaded." *Crisafi v. Holland*, 655 F.2d 1305, 1307 (D.C. Cir. 1981) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).

 Plaintiff's claim premised on DOJ's alleged failure to respond to his complaint(s) filed in Illinois falls in the frivolous category. Otherwise, plaintiff has not alleged facts establishing that employees or officials of DOJ committed wrongful acts for which the United States may be held liable, and he has not identified a source of such liability. His conclusory assertions of constitutional violations simply fail to satisfy Rule 8's minimum pleading requirements. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' . . . [or] tenders 'naked assertion[s]' devoid of 'further factual enhancement' " does not "suffice.") (quoting *Twombly*, 550 U.S. at 555, 557; examining Fed. R. Civ. P. 8(a)). Apart from the pleading deficiency, the United States and its agencies are immune from suit for money damages based on constitutional torts. *FDIC v. Meyer*, 510 U.S. 471, 478 (1994). Therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

United States District Judge

DATE: July **28** , 2017

3

# APPENDIX L



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505

June 17, 2016

Mr. William L. Grant, II
901 Wythe Road
Springfield, IL 62702

    Re:  <u>OSC File No. DI-16-4150</u>

Dear Mr. Grant:

    The Office of Special Counsel has completed its review of the information you referred to the Disclosure Unit. You alleged a violation of law, rule, or regulation; gross mismanagement; a gross waste of funds, a substantial and specific danger to public health and safety; and an abuse of authority by employees at the U.S. Department of Justice (DOJ), Federal Bureau of Investigation; U.S. Department of Labor (DOL); U.S. Department of Homeland Security (DHS); and U.S. Department of Defense (DOD).

    The Special Counsel is authorized to receive disclosures from an employee, former employee, or applicant for employment of the federal government concerning a federal agency. 5 U.S.C. § 1213(a)(1). As we discussed, because you are not an employee of the federal government as defined by 5 U.S.C. § 2105, and the information does not relate to prior federal employment or as an applicant for federal employment, the Office of Special Counsel does not have jurisdiction over the above matter. Therefore, we cannot take any further action concerning your disclosure.

    Should you wish to pursue this matter further, you may contact the DOJ, Office of Inspector General (OIG), 950 Pennsylvania Avenue, N.W., Suite 4322, Washington, D.C. 20530; main telephone number: (202) 514-3435; hotline number: (800) 869-4499; hotline e-mail: <u>oig.hotline@usdoj.gov</u>; Civil Rights and Civil Liberties e-mail: <u>inspector.general@usdoj.gov</u>.

    You may also contact the DOL, OIG, 200 Constitution Avenue, N.W., Room S-5502, Washington, D.C. 20210; main telephone number: (202) 693-5100; hotline number: (800) 347-3756 or (202) 693-6999; hotline e-mail: <u>hotline@oig.dol.gov</u>.

    Finally, you may contact the DHS, OIG, 245 Murray Lane S.W., Building 410, Washington, D.C. 20528; main telephone number: (202) 254-4100; hotline number: (800) 323-8603; hotline e-mail: <u>dhsoighotline@dhs.gov</u>.

William L. Grant, II
Page 2


     Accordingly, we are closing our file.  Should you wish to discuss this matter, please
contact me, at (202) 254-3604.

                    Sincerely,

                    Catherine A. McMullen
                    Chief, Disclosure Unit

CAM:ce

# APPENDIX M



STATE OF ILLINOIS
**OFFICE OF THE GOVERNOR**
SPRINGFIELD, ILLINOIS 62706

**Pat Quinn**
GOVERNOR

August 2, 2010

Re: William Grant

To Whom It May Concern,

It is my pleasure to provide this letter of recommendation for William Grant. I am currently William's direct supervisor in Governor Pat Quinn's Office of Citizen Action. He has been an intern here since June 2010.

As a Constituent Affairs intern, William was responsible for managing constituent phone calls, opening and responding to letters, occasionally drafting public documents such as proclamations and newsletter articles and working on projects related to constituent outreach. He had the opportunity to become very familiar with state government and developed a solid understanding of the functions of many of the State agencies under the purview of the Governor.

Throughout the summer, he also managed the valedictorian celebration at the 2010 State Fair, which is an annual event attended by high school valedictorians throughout the state, as well as the Governor. He managed this project on his own and was solely responsible for the logistics of this major event as well as communicating with all participants.

William has been a very valuable asset not only to the Governor's Office of Citizen Action, but was helpful in other units within the Governor's Office as well. He is a team player and I believe he will be a great addition to your office. I do not hesitate to offer my recommendation.

Sincerely,

Donna Dalton

Donna Dalton
Director of Constituent Affairs

66

# APPENDIX N



## SHEILA SIMON
LIEUTENANT GOVERNOR
STATE OF ILLINOIS

December 2, 2011

Re: Will Grant

Dear Friends,

It is with some sadness that I recommend Will Grant for your consideration as an employee. I am sad to do so because I will miss him on my staff.

Will has worked on my staff for almost a year now, and I have benefitted greatly. He is open and engaging, traits which make him such a good person for the constituent contact he has on a daily basis. In addition to doing his work well, Will has the extra quality of being good to work with. I have consistently enjoyed my interactions with Will, whether it has been about the needs of constituents or about his crazy vegetable diet.

I should also add, because of our history as a state, Will should not be given any special consideration based on political connections or my recommendation. I write this letter as one employer to another employer. I ask that you consider Will and all of his qualifications, and I believe both you and he will be well served.

Thanks, and please feel free to call me if you have any questions.

Sincerely,

Sheila Simon
Lt. Governor of Illinois

IDOT
District 9 Headquarters
Carbondale, IL 62903
Phone: (618) 529-6452
Fax: (618) 529-6455

214 State House
Springfield, IL 62706
Phone: (217) 558-3085
Fax: (217) 558-3094
TTY : 1-800-563-7110

JRTC, 15-200
Chicago, IL 60601
Phone: (312) 814-5240
Fax: (312) 814-5228

Printed on Recycled Paper

68

# APPENDIX O



STATE OF ILLINOIS
# OFFICE OF THE GOVERNOR
SPRINGFIELD, ILLINOIS 62706

**Pat Quinn**
GOVERNOR

December 21, 2014

To Whom It May Concern:

I am pleased to recommend Will Grant for employment. I have always known Will to be a skilled and dedicated public servant for the State of Illinois. His innate interpersonal skills and work ethic have earned him the respect and confidence of his colleagues.

Will is highly organized, mission oriented, and hard working. Will has proven himself to be an essential team member, and I am confident he will continue to be just that with his future employers.

I am certain that he will be an asset and make great contributions to your organization. If you have any additional questions regarding Will's experience or abilities, please do not hesitate to contact me.

Sincerely,

Ryan Croke
Chief of Staff
(847) 271-7926

**APPENDIX P**

16-6030          3

**IN THE CIRCUIT COURT OF THE 7TH JUDICIAL CIRCUIT**
SANGAMON COUNTY, ILLINOIS

William Lee Grant II
_____
Plaintiff (s)        }

Vs.                          Case No.: __2016-MR-000643__
                             Amount Claimed __$30,000,000,000,000__

Richard Abel Kabaker,
State of Illinois, and
U.S. Department of Justice
_____
Defendant (s)        }

Gov. Bruce Rauner
207 State House
Springfield, IL 67706          **SUMMONS**
To each defendant:

        You are hereby summoned and required to appear before this court at __Sangamon County Complex,__
__200 South Ninth Street, Springfield_____, Illinois
at __9:30__ o'clock _____a.m., on _____September 6_____, 20 16 , to answer the complaint in this case, a copy of which is
hereto attached. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF
ASKED IN THE COMPLAINT.

To the officer:

        This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service
and fees, if any, immediately after service and not less than 3 days before day of appearance.  If service cannot be made, this summons
shall be returned so indorsed.  This summons may not be served later than 3 days before the day of appearance.

7TH JUDICIAL CIRCUIT
(Seal of court)
SEAL
SANGAMON COUNTY

WITNESS, _____AUG 1 5 2016_____ , 20 ____.

_____
(Clerk of the Court)

(Plaintiff's attorney or plaintiff if he is not represented by an attorney)
Name: __William Lee Grant II__
Attorney for:
Address: __901 Wythe Road__
City: __Springfield__
Telephone __(217)  726-5269__

**RECEIVED**
AUG 1 5 2016
SHERIFF'S OFFICE
RECORD SECTION

Date of service: _____, 20 ____.
(To be inserted by officer on copy left with defendant or other person)

Form No. SC9002-03



## SANGAMON COUNTY SHERIFFS OFFICE
*"Keeping the Peace Since 1821"*

**WES BARR**
#1 Sheriffs Plaza
Springfield, IL 62701

Administration - (217) 753-6855
Civil Process/Records - (217) 753-6846

Investigations - (217) 753-6840
Corrections - (217) 753-6886

SG TRACKING #16-_____

I, **Gary R. Dougherty #3997** certify that I served this summons as follows:

☐　Personal service on an individual, by leaving a copy of the summons and complaint with the defendant personally

☐　Abode service on an individual, by leaving a copy of the summons and complaint with a member of the household thirteen (13) years or older, informing said person of the contents thereof, and also by sending a copy of the summons, in a sealed envelope, postage paid, to the individual listed in the summons.

☒　Corporation service, by leaving a copy of the summons and complaint with an agent or officer of the corporation listed in the summons.

☐　Other service, as described below.

Case Number _2016-MR-000643_

Name of defendant _GOV. BRUCE RAUNER_

Name of other person
Summons left with _MEGAN_

Sex ( M /Ⓕ) Race _W_ Approx. age _20~_

Date of Service _9-2-/2016_ Time _1451_

Date of Mailing _____

Address at which paper was served:

_204 STATE HOUSE_

_____

Service fees (Circle One)  **$42.00** or $82.00

**Circle One:**　PAID　PAUPER　NO CHARGE

Wesley L. Barr, Sheriff of Sangamon County

By _Gary Dougherty_ , Civil Process Officer

IN PARTNERSHIP WITH THE COMMUNITY

16-6224                    5

**IN THE CIRCUIT COURT OF THE 7TH JUDICIAL CIRCUIT**
SANGAMON COUNTY, ILLINOIS

RECEIVED

AUG 16 2016

SHERIFF'S OFFICE
RECORD SECTION

William Lee Grant II
_____
Plaintiff (s)

Vs.

Case No.: __2016-MR-000643__
Amount Claimed __$30,000,000,000,000__

Richard Abel Kabaker,
State of Illinois, and
U.S. Department of Justice
_____
Defendant (s)

U.S. Attorney James A. Lewis
U.S. Attorney's Office
318 Se Sixth Street
Springfield, IL 62701
To each defendant:

**SUMMONS**

You are hereby summoned and required to appear before this court at __Sangamon County Complex,__
__200 South Ninth Street, Springfield_____, Illinois
at __9:30__ o'clock _____ a.m., on _____September 6_____, 20 16 , to answer the complaint in this case, a copy of which is
hereto attached. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF
ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service
and fees, if any, immediately after service and not less than 3 days before day of appearance.  If service cannot be made, this summons
shall be returned so endorsed.  This summons may not be served later than 3 days before the day of appearance.

SEAL
(Seal of court)
SANGAMON COUNTY ILLINOIS

WITNESS, _____ AUG 15 2016 _____, 20 ____.

_____

(Plaintiff's attorney or plaintiff if he is not represented by an attorney)

Name: __William Lee Grant II__
Attorney for:
Address: __901 Wythe Road__
City: __Springfield__
Telephone __(217)  726-5269__

Date of service: __9-2-16__  __1504__, 20 ____.
(To be inserted by officer on copy left with defendant or other person)

Form No. SC9002-03

PAUPER



**SANGAMON COUNTY SHERIFFS OFFICE**
*"Keeping the Peace Since 1821"*

*WES BARR*
#1 Sheriffs Plaza
Springfield, IL 62701

Administration - (217) 753-6855
Civil Process/Records - (217) 753-6846

Investigations - (217) 753-6840
Corrections - (217) 753-6886

SG TRACKING #16-_____

I, **Gary R. Dougherty #3997** certify that I served this summons as follows:

☐  Personal service on an individual, by leaving a copy of the summons and complaint with the defendant personally

☐  Abode service on an individual, by leaving a copy of the summons and complaint with a member of the household thirteen (13) years or older, informing said person of the contents thereof, and also by sending a copy of the summons, in a sealed envelope, postage paid, to the individual listed in the summons.

☒  Corporation service, by leaving a copy of the summons and complaint with an agent or officer of the corporation listed in the summons.

☐  Other service, as described below.

Case Number  2016-MM-000643

Name of defendant  U-S ARMY.

Name of other person
Summons left with  DAW

Sex  ( M / F )  Race  W  Approx. age  50's

Date of Service  9-2- /2016  Time  1504

Date of Mailing _____

Address at which paper was served:

318 S 6TH

Service fees (Circle One)  <u>$42.00</u> or $82.00

Circle One:    PAID    PAUPER    NO CHARGE

Wesley L. Barr, Sheriff of Sangamon County

By _____ , Civil Process Officer

IN PARTNERSHIP WITH THE COMMUNITY

75

# APPENDIX Q



# SHERIFF'S OFFICE OF COOK COUNTY, ILLINOIS
## AFFIDAVIT OF SERVICE



*0219357*

CASE NUMBER: 16MR000643          MULT.SER.  1          DOC. TYPE: SUMMONS
**DIE DATE: 08/30/2016**     RECEIVED DATE: 8/22/2016     FILED DATE: 08/16/2016          **DIST: 601 DC**
12:00:00 PM

| **DEFENDANT** | **PLANTIFF** |
|---|---|
| KABAKER, RICHARD ABEL | GRANT, WILLIAM LEE II |
| 100 W RANDOLPH ST | **ATTORNEY** |
| CHICAGO, IL 60601 | WILLIAM LEE GRANT II |
| STE 6 600 | 901 WYTHE RD |
| | SPRINGFIELD, IL 62702 |
| | (217) 726-5269 |

FOREIGN

**ATTACHED FEE AMOUNT:**
**SERVICE INFORMATION:**
I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:

☒ **(1) PERSONAL SERVICE:**
BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

___ **(2) SUBSTITUTE SERVICE:**
BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS.  ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE _____ DAY OF _____ 20_____

___ **(3) UNKNOWN OCCUPANTS:**
BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

___ **(4) CORP/CO/BUS/PART:**
BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ____ COMPANY ____ BUSINESS ____ PARTNERSHIP ____

___ **(5) PROPERTY RECOVERED:**
NO ONE PRESENT TO RECEIVE ORDER OF COURT.  ORDER POSTED IN PLAIN VIEW.

___ **(6) S.O.S./D.O.I.:**
BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE.  ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

___ **(7) CERTIFIED MAIL**

***** COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT *****

___ **(8)**   AND BY MAILING ON THE _____ DAY OF _____ 20____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATION SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE  WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

| ___ (01) NO CONTACT | ___ (05) WRONG ADDRESS | ___ (09) DECEASED |
|---|---|---|
| ___ (02) MOVED | ___ (06) NO SUCH ADDRESS | ___ (10) NO REGISTERED AGENT |
| ___ (03) EMPTY LOT | ___ (07) EMPLOYER REFUSAL | ___ (11) OUT OF COOK COUNTY |
| ___ (04) NOT LISTED | ___ (08) CANCELLED BY PLAINTIFF ATTY | ___ (12) OTHER REASON (EXPLAIN) |

EXPLANATION:  Served   at   New   Location   69  West   Washington
21th  Floor   I do T

| WRIT SER___ ON: Kabaker, Richard Abel | DATE | ATTEMPTED SERVICES | |
|---|---|---|---|
| | | TIME (AM/PM) | STAR # |
| SEX: M   RACE: W   AGE: 67 | | 1:30P | 10683 |
| THIS 23 DAY OF Aug , 20 16 | | : | |
| Thomas J. Dart | | : | |
| SHERIFF, BY: Shane 10683 DEPUTY | | : | |

VSA618

T. Lamplin #10683

# APPENDIX R



STATE OF ILLINOIS
## OFFICE OF THE LIEUTENANT GOVERNOR
100 WEST RANDOLPH STREET
CHICAGO, ILLINOIS 60601

EVELYN SANGUINETTI
LIEUTENANT GOVERNOR

July 21, 2016

**VIA MAIL**

William Grant
Via email: wgran2@gmail.com

Re:     FOIA Request

Dear Mr. Grant:

This letter is in response to your Illinois Freedom of Information Act ("FOIA") request received on July 11, 2016 seeking a copy of your personnel file from the Office of the Governor and Office of the Lieutenant Governor. A five (5) day extension was requested by the Office of the Lieutenant Governor on July 18, 2016 with no objection. Moreover, we directed you to the Office of the Governor's FOIA officer pertaining to that specific request.

After a thorough search of our files, it has been determined that the Office of the Lieutenant Governor has no records responsive to your request.

To the extent you consider this response to be a denial of your FOIA request; you have the right to submit a request for review by the Public Access Counselor ("PAC") of the Office of the Illinois Attorney General to:

> Public Access Counselor
> Office of the Attorney General
> 500 South 2nd Street
> Springfield, Illinois 62706
> Fax: 217-782-1396
> E-mail: publicaccess@atg.state.il.us

If you choose to submit a request for review, you must do so within 60 days after the date of this response letter. The request for review must be in writing, signed by you, and include a copy of your FOIA request and this office's response. 5 ILCS 140/9.5(a). In addition, you have the right to seek judicial review of this response. 5 ILCS 140/11(a)(b).

If you have questions or need additional information, please contact me.

Sincerely,

Ennedy D. Rivera
General  Counsel
Office of Lieutenant Governor Evelyn Sanguinetti | State of Illinois
JRTC | 100 W. Randolph St.| 15th Floor
Chicago, IL 60601

# APPENDIX S



**SANGAMON COUNTY SHERIFFS OFFICE**
*"Keeping the Peace Since 1821"*

*WES BARR*

| Administration - (217) 753-6855 | #1 Sheriffs Plaza | Investigations - (217) 753-6840 |
| Civil Process/Records - (217) 753-6846 | Springfield, IL 62701 | Corrections - (217) 753-6886 |

August 8, 2016

Mr. William Grant
901 Wythe Road
Springfield, IL. 62702

Dear Mr. Grant:

The Sangamon County Sheriff's Office of Professional Standards has received your complaint dated July 19, 2016. The complaint was received in this office at approximately 2:45 P.M. today, August 8, 2016. It is my duty to inform you that what you are asking this office to do is beyond the scope of my authority.

Thank you for your time on this matter.

Sincerely:


Enos Brents Lieutenant
Office of Professional Standards
Sangamon County Sheriff's Office


CC: Sheriff Barr
    File


IN PARTNERSHIP WITH THE COMMUNITY

# APPENDIX T

## UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## ORDER

Submitted November 3, 2016
Decided November 14, 2016

Before

WILLIAM J. BAUER, *Circuit Judge*
KENNETH F. RIPPLE, *Circuit Judge*
DIANE S. SYKES, *Circuit Judge*

| No. 16-3822 | IN RE: WILLIAM LEE GRANT, II, Petitioner |
|---|---|
| **Petition for Writ of Mandamus** ||
| District Court No: 3:16-cv-03245-CSB-EIL District Judge Colin S. Bruce ||

Upon consideration of the **WRIT OF MANDAMUS**, filed on October 31, 2016, by pro se Petitioner,

**IT IS ORDERED** that the petition for writ of mandamus is **DENIED**. William Grant's appeal from the final judgment in 16-cv-3245 allows him to challenge any earlier rulings by the district court. See *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1019 (7th Cir. 2013). As a result the mandamus petition is unnecessary to the extent that he is seeking review of any order in 16-cv-3245. To the extent that Grant is seeking mandamus relief to review the dismissal of his complaint in 16-cv-3239, the request is **DENIED**.

form name: *c7_Order_3J*(form ID: **177**)

# APPENDIX U

U.S. Equal Employment Opportunity Commission
500 West Madison Street, Suite 2000
Chicago, IL 60661


January 15, 2017

RE: Rampant Hiring Discrimination and Retaliation in Illinois and America


To Director Julianne Bowman:

In 2012, I was threatened by my Supervisor (Donald Kupferschmidt) at the Illinois Department of Transportation (IDOT). I reported the ~~treat~~ to the IDOT's General Council (Ellen Schanzle-Haskins). ~~The~~ Mrs. Schanzle-Haskins directed me to file a Civil Rights Complaint with IDOT's Bureau of Civil Rights. Additionally, I was directed to follow the instructions of Mrs. Schanzle-Haskins by the former U.S. Attorney for the Illinois Central District, Rodger Heaton, AUSA, Gregory K. Harris, and the Director of the Illinois Department of Natural Resources, Marc Miller.

After filing the Complaint, I began to be retaliated against by my supervisor and peers at IDOT. The employees created a hostile work environment, tampered with my work products, modified my work load, and work schedule. I took a leave of absence. While on leave, I filed a complaint with the (Illinois) Office of the Executive Inspector General related to my former supervisor making false reports to the Illinois General Assembly.

I was transferred to IDOT's Chicago Office in August 2012. I began to work for Richard Abel Kabaker. For the next two and a half years, I was retaliated against for filing the Complaints, and discriminated against based on my race by Richard Abel Kabaker ("Rick") and other members of IDOT management. Rick denied me a promotion, reduced my work assignments below my paygrade and status, sent me on a geographic reassignment for a month and a half in violation of personnel rules and union contract to work in IDOT's Bureau of Claims in Schaumburg, Illinois. On the last day of my geographic reassignment, Kelly Kraft, Gov. Pat Quinn's Director of the Illinois Sports Facilities Authority, intentionally struck me with her vehicle on the Kennedy Expressway. I was required to spend two and a half hours on the side of the Kennedy Expressway to obtain a police report from the Illinois State Police.

I was being laid-off in 2014 from IDOT, under the guise of a material reorganization. I accepted employment with the Illinois Governor's Office. I reported to the Illinois Governor's Office, and a month later I was informed I could not be added to payroll, or return to IDOT. I was not added to payroll as an act of retaliation for filing a Civil Rights Complaint and an Ethics Complaint.

After not being added to the Illinois Governor's Office payroll, I was wrongfully denied Federal Unemployment Benefits from the Illinois Department of Employment Security (IDES). Pursuant to the administrative rules and public act establishing unemployment benefits in

1

Illinois, I qualified for benefits. Employees of IDOT conspired to prevent me from accessing benefits in an act of retaliation for filing a Civil Rights Complaint.

For the next two years, I searched for employment in America. I was unable to find employment anywhere in America, except for brief employment on a Congressional campaign. I was only hired by the campaign so community members in Springfield, IL could inform me of the need to access my IDOT personnel file, and take it to the Federal Bureau of Investigation.

I placed more than fifty (50) employment applications with the Chicago Transit Authority (CTA) from 2015 to 2016. The CTA was only willing to offer me employment as a Customer Service Attendant (Part-Time), and then declined to hire me for allegedly having high blood pressure.

Chicago Transit Authority
567 W. Lake Street
Chicago, Illinois 60661
(312) 681-2809

I placed numerous applications with IDOT from 2015 to 2017 and other state agencies. IDOT has not selected me to interview for any employment opportunities. IDOT has discriminated against me for the Complaints I previously filed, and for being African-American.

Illinois Department of Transportation
Hanley Building
2300 S. Dirksen Parkway
Springfield, Illinois 62764
(217) 782-7820

I applied for countless other positions with the State of Illinois through the Illinois Department of Central Management Services, Illinois Capital Development Board, Governor's Office of Management and Budget, Administrative Office of the Illinois Courts, Illinois Department of Public Health, and other agencies and departments. I was only selected for four interviews from August 2012 to January 2017. I was denied employment for filing the two Complaints (as retaliation), and for being African-American.

*The Illinois Department of Central Management Service's Bureau of Personnel Management has a great deal of control over the hiring activities of the State of Illinois' hiring procedures. The Bureau of Personnel Management holds a great deal of hiring authority over the State of Illinois' positions that are covered by the Rutan v. Republican Party of Illinois U.S. Supreme Court Decision.

Illinois Department of Central Management Services
Bureau of Personnel Management
401 S. Spring Street
Springfield, IL 62706
(217) 524-7518

2

Governor's Office of Management and Budget
603 Stratton Building
401 S. Spring Street
Springfield, IL 62706
(217) 836-2943

I applied for multiple positions with the Springfield Housing Authority from 2015 until the end of 2016. I was all but told the agency does not hire individuals who "file Complaints."

Springfield Housing Authority
200 North 11th Street
Springfield, IL 62703
(217) 753-5757

I applied for countless positions with the City of Springfield from 2015 until the end of 2016, and was only selected for two interviews from 2015 to 2016.

City of Springfield
Human Resources
800 East Monroe
Springfield, IL 62701
(217) 789-2000

I applied for more than fifty (50) positions with the U.S. Federal government from 2014 until the end of 2016. I was never selected for an interview. I applied for a great number of positions with the U.S. Department of Justice and U.S. Department of Transportation.

Office of Management and Budget
725 17th Street, NW
Washington, D.C. 20503
(202) 395-3080

U.S. Department of Transportation
1200 New Jersey Avenue, SE
Washington, D.C. 20590
(855) 368-4200

I applied for countless positions with CBS Corporation from 2015 until the end of 2016, and was never selected for an interview. I think I was discriminated against based on my race.

CBS Headquarters
51 W. 52nd Street
New York, New York 10019-6188
(212) 975-4321

3

I applied for countless positions with the Springfield Public School District 186 from 2012 until 2016. I was selected for two interviews scheduled for the same day. I was never selected for any further interviews, and never informed of the disposition of the two interviews which were conducted. I think I was discriminated against based on my race.

Springfield School District 186
Director of Human Resources and Development
1900 West Monroe
Springfield, IL 62704
(217) 525-3006

I applied for multiple positions with Best Buy in 2016, and was never selected for an interview. I think I was discriminated against based on my race.

Best Buy
7601 Penn Avenue South
Richfield, Minnesota 55423
(612) 291-1000

I applied for countless positions with Metra from 2014 to 2016, and was never selected for an interview. I think I was discriminated against based on my race.

Metra's Office of Diversity and Civil Rights
547 W. Jackson Blvd., 5-W
Chicago, IL 60661
(312) 322-6323

I applied for countless positions with Memorial Medical Center, and I was only selected for two phone interviews from 2015 to 2017. I think I was discriminated against based on my race.

Memorial Medical Center
701 N. 1st Street
Springfield, IL
(217) 788-3293

I applied for numerous positions with St. John's Hospital from 2015 to 2016, and was never selected for an interview. I think I was discriminated against based on my race.

HSHS St. John's Hospital
800 E. Carpenter Street
Springfield, IL 62769
(217) 544-6464

I applied for countless positions with NBC/Universal from 2015 to 2016, and was never selected for an interview. I think I was denied employment based on my race.

4

NBCUniversal
30 Rockefeller Plaza
New York, New York 10112
(212) 664-4444

I applied for several positions of employment with TGI Fridays from 2015 to 2016, and was never selected for an interview. I think I was discriminated against based on my race.

TGI Fridays
2100 W. White Oaks Drive
Springfield, IL 62704
(217) 698-1900

I applied for multiple positions with the Chicago Public School System from 2015 to 2016, and was never selected for an interview. I think I was discriminated against based on my race.

Chicago Public Schools
42 W. Madison Street
Chicago, IL 60602
(773) 553-1000

I applied for multiple positions with Macy's from 2014 to 2016, and was only ever interviewed for the position of temporary-season help. I think I was discriminated against based on my race.

Macy's Corporate Services
151 West 34th Street
New York, New York 10001
(212) 494-3000

I applied for multiple positions with the Sangamon County government from 2015 to 2016, and was never selected for an interview. I think I was discriminated against based on my race.

Sangamon County
Human Resources
Charlie Stratton
200 S. 9th Street, Room 205B
Springfield, IL 62701
(217) 535-3130

I applied for multiple positions with Chicago Metropolitan Agency for Planning (CMAP) from 2015 to 2016, and was never selected for an interview. I think I was discriminated against for filing the two Complaints, and for being African-American.

5

Chicago Metropolitan Agency for Planning
233 South Wacker Drive
Suite 800
Chicago, IL 60606
(312) 454-0400

I applied for countless positions with Katten Munchin from 2015 to 2016, and was never selected for an interview. I think I was discriminated against based on my race.

Katten, Muchin, & Rosenman, LLP.
525 W. Monroe Street
Chicago, IL 60661-3693
(312) 902-5200

I applied for multiple positions with Sears Holdings Corporations from 2015 to 2016, and was never selected for an interview.

Sears Holdings Corporation
3333 Beverly Road
Hoffman Estates, IL 60179
(847) 286-2500

I applied for multiple employment positions with the City of Atlanta from 2015 to 2016. I was never selected for an interview.

City of Atlanta
Department of Human Resources
68 Mitchell Street, S.W., Suite 2150
City Hall Towers
Atlanta, Georgia 30303
(404) 330-6360

I applied for countless positions with Pace Suburban Bus Service from 2015 to 2016. I was never selected for an interview. I think I was discriminated as an act of retaliation, and based on my race.

Pace Suburban Bus Service
Human Resources
69 West Washington Street, Suite 3400
Chicago, IL 60602
(312) 814-5600

I applied for employment with the Regional Transportation Authority from 2015 to 2016. I was never selected for an interview. I think I was denied employment as an act of retaliation, or as an act of discrimination.

Regional Transportation Authority
175 W. Jackson Blvd., Suite 1650

6

Chicago, IL 60604
(312) 913-3200

    I applied for multiple positions with Amtrak from 2015 to 2016. I was never selected for an interview. I think I was denied employment as an act of retaliation, or based on my race.

National Railroad Passenger Corporation / Amtrak
60 Massachusetts Avenue, NE
Washington, D.C. 20002

    I applied for countless positions of employment with the Walt Disney Corporation from 2015 to 2016. I was never selected for an interview. I think I was denied employment as an act of discrimination based on my race.

The Walt Disney Company
Human Resources
P.O. Box 10,000
Lake Buena Vista, FL 32830
(321) 939-7000

    I applied for positions with other organizations throughout Illinois and America with the same result. For additional information and supporting documentation, I reference the dockets of 16-CV-3132, 16-CV-3239, and 16-CV-3245 filed in the Federal Illinois Central District Court. The Illinois Attorney General's Office and U.S. Department of Justice denied none of the allegations.

    I hold a Bachelor of Arts degree in psychology. I worked as a Staff Assistant/Legal Assistant for a multibillion dollar transportation agency (IDOT) for three years. I interned with the Illinois Department of Public Health and Illinois Governor's Office. I was a Policy Analyst with the Illinois Lieutenant Governor's Office. While in college, I was a waiter.

Retaliation and discrimination are the logical hindrances of my finding gainful employment in America.


Best regards,



William Grant
901 Wythe Road
Springfield, IL 62702
(217)726-5269
~~wgran2@gmail.com~~

7

# APPENDIX V

**U.S. EEOC Complaint**
**Chicago Transit Authority - WLG**

| Date | Position | Job Number |
|---|---|---|
| 3/8/2015 | Analyst I, HRIS | IRC6515 |
| 4/13/2015 | Analyst, Data Analytics | IRC6359 |
| 10/9/2016 | Analyst, Performance Management | IRC6894 |
| 7/14/2015 | Analyst, Performance Management | IRC6583 |
| 3/3/2015 | Business Application Administrator | IRC6423 |
| 8/3/2015 | Certification Specialist | IRC6604 |
| 2/4/2015 | Chief Attorney - Compliance, Policy & Appeals | IRC6411 |
| 3/15/2015 | Claims Representative | IRC6444 |
| 4/6/2015 | Control Center Communications Coordinator | IRC6489 |
| 4/6/2015 | Coordinator, Claims | IRC6491 |
| 3/22/2015 | Coordinator, Curriculum Development - QC | IRC6437 |
| 6/3/2015 | Coordinator, HR Projects | IRC6557 |
| 3/19/2015 | Coordinator, Leave Management | IRC6466 |
| 4/20/2015 | Coordinator, Workforce Management | IRC6508 |
| 7/9/2015 | Customer Service Assistant | IRC6587 |
| 4/6/2015 | Customer Service Business Systems Analyst | IRC6497 |
| 10/23/2016 | Customer Service Representative I | IRC6957 |
| 2/11/2015 | Data Analyst - Learning & Support | IRC6439 |
| 8/12/2015 | Data Entry Specialist | IRC6610 |
| 3/1/2015 | EEO Investigator | IRC6450 |
| 8/8/2015 | Executive Assistant II - Administration | IRC6601 |
| 10/10/2016 | Financial Analyst III - Control | IRC6951 |
| 8/2/2015 | Human Resources Assistant | IRC6607 |
| 5/8/2015 | Human Resources Assistant | IRC6537 |
| 7/16/2015 | Investigator - Worker's Comp | IRC6589 |
| 3/24/2015 | Investigator, Field Surveillance | IRC6468 |
| 4/6/2015 | Janitor (Buildings &Grounds) | IRC6493 |
| 2/25/2015 | Legal Assistant | IRC6451 |
| 6/18/2015 | Legal Assistant | IRC6468 |
| 4/6/2015 | Manager, Administration - Facilities Engineering | IRC6500 |
| 2/8/2015 | Manager, Customer Feedback Programs | IRC6435 |
| 4/6/2015 | Manager, Maintenance - Rail | IRC6408 |
| 8/14/2015 | Manager, Quality Assurance - Design and Construction | IRC6599 |
| 3/29/2015 | Manager, Rail Car Appearance | IRC6553 |
| 3/15/2015 | Manager, System Operations | IRC6480 |
| 6/17/2015 | Manager, Transportation - Rail | IRC6567 |
| 2/7/2015 | Operations Business Analyst | IRC6316 |
| 2/7/2015 | Operations Business Manager | IRCIRC6315 |
| 10/23/2016 | Payroll Specialist | IRC6953 |
| 6/23/2015 | Project Manager, Retail Programs | IRC6574 |
| 6/22/2015 | Project Specialist I - Business Systems | IRC6569 |
| 8/3/2015 | Project Specialist I - Law | IRC6603 |

February 17, 2016                    Page 1 of 2

**U.S. EEOC Complaint**
**Chicago Transit Authority - WLG**

| | | |
|---|---|---|
| 4/10/2015 | Project Specialist I - Transit Operations | IRC6503 |
| 1/31/2015 | Project Specialist II - Rail Operations | IRC6406 |
| 5/16/2015 | Project Specialist II - Transit Operations | IRC6541 |
| 5/14/2015 | Project Specialist II - Workers' Compensation | IRC6543 |
| 5/19/2016 | Project Specialist II - Workforce Management | IRC6544 |
| 10/10/2016 | Risk Management & Compliance | IRC6940 |
| 10/9/2016 | Senior Analyst, HRIS | IRC6906 |
| 6/22/2015 | Senior Analyst, Treasury | IRC6573 |
| 4/6/2015 | Senior Budget Analyst | IRC6352 |
| 6/11/2015 | Senior Coordinator, Control Center - Headway Management | IRC6539 |
| 4/2/2015 | Senior Manager, Grants | IRC6486 |
| 4/6/2015 | Senior Manager, Law Administration | IRC6478 |
| 4/2/2015 | Senior Manager, Workforce Management | IRC6484 |
| 7/28/2015 | Senior Project Manager, Infrastructure Capital Controls | IRC6598 |
| 5/29/2015 | Service Planner - Bus | IRC6548 |
| 11/4/2016 | Technical Training Specialist | IRC6801 |
| 4/8/2015 | Technical Training Specialist | IRC6425 |

U.S. EEOC Complaint - William L. Grant II

| Date of Application | Company / Organization | Position Title |
|---|---|---|
| 7/14/2016 | The CFO Consulting Group | |
| 7/28/2016 | Springfield Housing Authority | Program Integrity Specialist |
| 7/28/2016 | Illinois Vicotry Fund | Field Staff |
| 8/3/2016 | Illinois Auditor General - State of Illinois | Administrative Specialist |
| 8/31/2016 | Governor's Office of Management and Budget - State of Illinois | Budget Analyst I |
| 9/13/2016 | Springfield Housing Authority | Management Associate |
| 10/4/2016 | Lutheran Child and Family Services of Illinois | Caseworker |
| 10/6/2016 | Springfield Wellness Center | Receptionist |
| 10/7/2016 | Memorial Health System | Food Service Associate |
| 10/7/2016 | Memorial Health System | Environmental Services (EVS) Tech I |
| 10/7/2016 | Memorial Health System | Environmental Services (EVS) Tech II |
| 10/7/2016 | Memorial Health System | Housekeeper |
| 10/7/2016 | Memorial Health System | Room Service Associate |
| 10/7/2016 | Sierra Club | Organizing Representative |
| 10/8/2016 | Springfield Housing Authority | Program Integrity Specialist |
| 10/8/2016 | Springfield Housing Authority | Section 3 Coordinator |
| 10/9/2016 | Midtown | Administrative Assistant - Human Resources |
| 10/9/2016 | Chicago Transit Authority | Senior Analyst |
| 10/9/2016 | Addison Group | Executive Assistant |
| 10/10/2016 | Regional Transportation Authority | Project Manager, Grants Management |
| 10/10/2016 | Chicago Transit Authority | Analyst (IRC6951) |
| 10/10/2016 | Chicago Transit Authority | Analyst (IRC6940) |
| 10/11/2016 | Springfield Park District | Front Desk Attendant |
| 10/11/2016 | Hughes, Cameron, & Company | Administrative Assistant / Receptionist |
| 10/11/2016 | La-Z-Boy Furniture Gallery | Office Assistant |
| 10/11/2016 | Hickory Street Capital | Executive Assistant |
| 10/20/2016 | City of Springfield | Sales Manager |
| 10/20/2016 | Memorial Health System | Executive Secretary |
| 10/23/2016 | Chicago Transit Authority | Representative (6957) |
| 10/23/2016 | Chicago Transit Authority | Specialist (6953) |

February 17, ~~2016~~ 2017          Page 1 of 5

## U.S. EEOC Complaint - William L. Grant II

| Date | Company | Position |
|---|---|---|
| 10/24/2016 | Hughes, Cameron, & Company | Administrative Assistant / Receptionist |
| 10/24/2016 | Slumberland Furniture | Administrative Assistant |
| 10/24/2016 | Central Illinois Allergy & Respiratory | Medical Receptionist |
| 10/24/2016 | City of Springfield | Switchboard Operator |
| 10/24/2016 | City of Springfield | Messenger Clerk |
| 10/24/2016 | Intercultural Montessori School | Receptionist / Administrative Assistant |
| 11/16/2016 | Memorial Health System | Room Service Associate |
| 10/24/2016 | Destiny Dental | Dental Assistant / Receptionist |
| 10/24/2016 | The Wheeler Mansion Hotel | Front Desk Hospitality |
| 10/25/2016 | King Technology, Inc (King Tech) | Administrative Assistant |
| 10/25/2016 | Chicago Pediatric Therapy & Wellness | Medical Receptionist / Front Desk |
| 10/25/2016 | Medical Equipment Company | Customer Service Representative |
| 10/31/2016 | Memorial Health System | Executive Secretary |
| 11/3/2016 | Governor's Office of Management and Budget - State of Illinois | Grant Budget and Indirect Cost Support Staff |
| 11/4/2016 | Chicago Transit Authority | Specialist |
| 11/4/2016 | Regional Transportation Authority | Mobility Outreach Coordinator |
| 11/16/2016 | Monsanto | Administrative Assistant |
| 11/16/2016 | Gateway Foundation | Executive Assistant |
| 11/16/2016 | Gateway Foundation | Receptionist |
| 11/16/2016 | Memorial Health System | Patient Access Specialist |
| 11/16/2016 | Memorial Health System | Room Service Associate |
| 11/16/2016 | Dr. Adarsh A. Kumar, M.D. | Office Manager |
| 11/16/2016 | Praire State Bank & Trust | Customer Service Specialist |
| 11/16/2016 | Fiducial | Administrative Assistant |
| 11/16/2016 | Christian Homes, Inc. | Division Administrative Specialist |
| 11/16/2016 | ACS | Data Entry Clerk |
| 11/18/2016 | Leydig, Voit, & Mayer, Ltd. | Administrative Assistant |
| 11/18/2016 | Morgan, Lewis, & Bockius | Administrative Assistant |
| 11/18/2016 | Best Buy | Customer Service Specialist |
| 11/18/2016 | Best Buy | Customer Service Specialist |
| 11/18/2016 | Best Buy | Geek Squad |
| 11/18/2016 | Macy's | Seasonal Holiday Retail Sales |
| 11/18/2016 | Macy's | Seasonal Holiday Retail Merchandising |

February 17, ~~2016~~ 2017                Page 2 of 5

U.S. EEOC Complaint - William L. Grant II

| | | |
|---|---|---|
| 11/19/2016 | Staff Agency | Receptionist |
| 11/19/2016 | North Bridge Staffing | Legal Secretary |
| 11/21/2016 | Illinois Department of Transportation - State of Illinois | Interstate and Special Programs Specialist |
| 11/21/2016 | Chicago Transit Authority | Analyst III |
| 11/25/2016 | Springfied Housing Authority | Management Associate |
| 12/5/2016 | Springfield Housing Authority | Hi-Rise Custodian |
| 12/5/2016 | La-Z-Boy Furniture Gallery | Office Assistant |
| 12/5/2016 | Central Illinois Allergy & Respiratory | Medical Receeptionist |
| 12/5/2016 | King Technology, Inc (King Tech) | Administrative Assistant |
| 12/7/2016 | Barber, Segatto, Wilke & Cate | Receptionist |
| 12/12/2016 | McHugh Construction | |
| 12/14/2016 | Illinois Department of Transportation - State of Illinois | Financial Services Specialist |
| 12/14/2016 | Illinois Commerce Commission - State of Illinois | Receptionist |
| 12/16/2016 | HSHS St. John's Hospital | Health Clerk - Neonatal ICU |
| 12/16/2016 | HSHS St. John's Hospital | Lab Assistant |
| 12/16/2016 | HSHS St. John's Hospital | Reimbursement Analyst - Finance |
| 12/16/2016 | HSHS St. John's Hospital | Patient Account Representative |
| 12/16/2016 | HSHS St. John's Hospital | Activity Specialist - Behavior Health Unit |
| 12/17/2016 | Memorial Health System | Crisis Center Recovery Specialist |
| 12/17/2016 | Memorial Health System | Customer Care Specialist |
| 12/17/2016 | Memorial Health System | PAH - Receptionist |
| 12/17/2016 | Memorial Health System | Patient Registration Clerk |
| 12/17/2016 | Memorial Health System | Patient Registration Specialist |
| 12/17/2016 | Memorial Health System | Patient Service Specialist |
| 12/17/2016 | Memorial Health System | Receptionist |
| 12/17/2016 | Memorial Health System | Rehab Support Specialist |
| 12/17/2018 | Memorial Health System | Room Service Associate |
| 12/17/2016 | Memorial Health System | Food Service Utility Associate |
| 12/18/2016 | Memorial Health System | Medicare Specialist |
| 12/18/2016 | HSHS St. John's Hospital | Medical Secretary |
| 12/18/2016 | HSHS St. John's Hospital | Secretary Facilitator |
| 12/18/2016 | HSHS St. John's Hospital | Coder |

February 17, ~~2016~~ 2017                     Page 3 of 5

U.S. EEOC Complaint - William L. Grant II

| Date | Company | Position |
|---|---|---|
| 12/18/2016 | HSHS St. John's Hospital | Procurement / Accounts Payable / Customer Service Specialist |
| 12/18/2016 | HSHS St. John's Hospital | Accounting Clerk |
| 12/18/2016 | HSHS St. John's Hospital | Population Care Coordinator |
| 12/18/2016 | HSHS St. John's Hospital | Patient Account Representative |
| 12/18/2016 | HSHS St. John's Hospital | Patient Account Representative |
| 12/18/2016 | HSHS St. John's Hospital | Registrar |
| 12/18/2016 | Best Buy | Customer Service Specialist |
| 12/18/2016 | Modern Countertops | Office Secretary |
| 12/18/2016 | FIRM Systems | Finderprint Technician / Office Assistant |
| 12/18/2016 | Green Family Stores | Automotive Sales Appointment Coordinator |
| 12/19/2016 | HSHS St. John's Hospital | Administrative Assistant |
| 12/19/2016 | State Farm Insurance | CCC Sales Rep |
| 12/19/2016 | State Farm Insurance | Collections Representative |
| 12/19/2016 | State Farm Insurance | Underwriting Service Assistant |
| 12/19/2016 | State Farm Insurance | Paralegal |
| 12/19/2016 | State Farm Insurance | Claims Associate - Total Loss |
| 12/19/2016 | State Farm Insurance | Bank Business Analyst |
| 12/19/2016 | State Farm Insurance | CCC Service Rep |
| 12/19/2016 | Verizon | Retail Sales Representative |
| 12/19/2016 | Verizon | Retail Sales Representative |
| 12/19/2016 | Verizon | Business Account Specialist |
| 12/19/2016 | CBS | Executive Assistant |
| 12/19/2016 | CBS | Digital & Communications Administrative Assistant |
| 12/19/2016 | CBS | Promotion Assistant |
| 12/19/2016 | CBS | Promotion Assistant |
| 12/19/2016 | Showtime | Public Relations Assistant |
| 12/19/2016 | Showtime | Temporary PR Assistant |
| 12/20/2016 | State of Florida | Staff Assistant |
| 12/20/2016 | State of Florida | Administrative Assistant I |
| 12/20/2016 | State of Florida | OPS Administrative Assistant I |
| 12/20/2016 | State of Florida | Administrative Assistant I |

February 17, ~~2016~~ 2017               Page 4 of 5

## U.S. EEOC Complaint - William L. Grant II

| 12/20/2016 | State of Florida | Administrative Assistant I - OPS |
|---|---|---|
| 12/20/2016 | State of Florida | Administrative Secretary |
| 12/20/2016 | State of Florida | Administrative Secretary |
| 12/20/2016 | City of Atanta | Administrative Assistant |
| 12/20/2016 | City of Atanta | Administrative Assistant - Senior |
| 12/20/2016 | City of Atlanta | Customer Assurance Specialist |
| 12/20/2016 | Comcast Universal | Rep 2, Customer Service Center |
| 12/20/2016 | Comcast Universal | CommOps 3, Fulfillement (DOJ) |
| 12/20/2016 | Comcast Universal | Xfinity Sales Associate (UNIV) |
| 12/20/2016 | Comcast Universal | Product Support Specialist - Software Helpdesk |
| 12/31/2016 | Gateway Foundation | Administrative Assistant |
| 12/31/2016 | Memorial Health System | Call Center Nutrition Associate |
| 12/31/2016 | Memorial Health System | Patient Transporter |
| 12/31/2016 | Memorial Health System | Executive Assistant |
| 12/31/2016 | Memorial Health System | Reimbursement Specialist |
| 12/31/2016 | Illinois Department of Transportation - State of Illinois | Rules Manager |

### U.S. EEOC Complaint - William L. Grant II

| | | |
|---|---|---|
| 12/20/2016 | State of Florida | Administrative Assistant I - OPS |
| 12/20/2016 | State of Florida | Administrative Secretary |
| 12/20/2016 | State of Florida | Administrative Secretary |
| 12/20/2016 | City of Atanta | Administrative Assistant |
| 12/20/2016 | City of Atanta | Administrative Assistant - Senior |
| 12/20/2016 | City of Atlanta | Customer Assurance Specialist |
| 12/20/2016 | Comcast Universal | Rep 2, Customer Service Center |
| 12/20/2016 | Comcast Universal | CommOps 3, Fulfillement (DOJ) |
| 12/20/2016 | Comcast Universal | Xfinity Sales Associate (UNIV) |
| 12/20/2016 | Comcast Universal | Product Support Specialist - Software Helpdesk |
| 12/31/2016 | Gateway Foundation | Administrative Assistant |
| 12/31/2016 | Memorial Health System | Call Center Nutrition Associate |
| 12/31/2016 | Memorial Health System | Patient Transporter |
| 12/31/2016 | Memorial Health System | Executive Assistant |
| 12/31/2016 | Memorial Health System | Reimbursement Specialist |
| 12/31/2016 | Illinois Department of Transportation - State of Illinois | Rules Manager |

February 17, ~~2016~~ 2017                    Page 5 of 5

**Applications for Federal Employment**
**William L. Grant**

| U.S. Federal Agency | Job Title | Job Number |
|---|---|---|
| Department Of Labor, Employment and Training Administration | Apprenticeship and Training Representative | DE-15-CHI-OA-0019 |
| Equal Employment Opportunity Commission | Legal Clerk (OA) | D14-STL-1284041-203-TMD |
| Department Of Justice, Executive Office for Immigration Review | Legal Assistant (Court) Office Automation | EOIR-14-0006DE |
| Department Of Justice, Executive Office for U.S. Attorneys and the Office of the U.S. Attorneys | Legal Assistant (Office Automation) | 15-ILC-1272359-DE |
| Department Of Homeland Security, Immigration and Customs Enforcement | Legal Assistant (OA) | LAG-PLA-1292357-SD-741-PN |
| Department of the Army, U.S. Army Corps of Engineers | Administrative Assistant | WTKC143853791285574 |
| Department Of Transportation, Federal Aviation Administration | Management and Program Analyst | ACT-ANG-15-KNA43-39574 |
| Department Of Transportation, Federal Aviation Administration | Management Assistant | AWP-ARP-15-BDA8723-39548 |
| Social Security Administration | Legal Assistant (Case Intake Assistant) GS-986-6/7/8 | SI-1298667-15-DEU-DB-23 |
| Department Of Veterans Affairs, Veterans Affairs, Veterans Health Administration | Secretary (Office Automation) | VX-15-MJS-1296384 |
| Department of the Navy, Naval Supply Systems Command, Regional Transportation Office | Transportation Assistant | NE52102-06-1297445MH999243D |
| Department Of Transportation, Federal Aviation Administration | Management and Program Assistant | ANM-ARP-15-DEN_ADO-39621 |
| Department Of The Interior, Interior, Bureau of Indian Affairs, Western Region - Uintah & Ouray Agency | Staff Assistant (OA) | WRO-15-11 |

February 19, 2017

Page 1 of 3

*List is not exhaustive.
At least 13 additional positions applied for.

**Applications for Federal Employment**
**William L. Grant**

| U.S. Federal Agency | Job Title | Job Number |
|---|---|---|
| Department Of Transportation, Federal Aviation Administration | Management and Program Assistant | ASO-ARP-15-B612R-39700 |
| Department of Defense, Defense Contract Management Agency, Defense Contract Management Agency, DCMA Operations Directorate, Western Regional Command | Management Assistant (Office Automation) | SWH815P84662191290990D |
| Social Security Administration | Legal Assistant (OA) (Case Technician) | SI-1303057-15-DEU-LH-040 |
| Social Security Administration | Contact Representative (OA), GS-962-5/6/7 | SI-1304791-15-DEU-LH-042 |
| Department Of Transportation, Federal Aviation Administration | Management and Program Analyst | ANM-AAM-15-0045361-39835 |
| Federal Trade Commission | Staff Assistant - DEU | OTC-2015-0002 |
| Department Of Justice, Justice, Bureau of Prisons/Federal Prison System | Secretary | COA-2015-0029 |
| Department Of Transportation, Federal Aviation Administration | Executive Assistant | AEA-AFS-15-AL-39821 |
| Department Of Justice, Federal Bureau of Investigation | Administrative Specialist, GS 9/11 (EX) | SI-2015-0019 |
| National Labor Relations Board | Office Automation Assistant (OA) (Group Secretary) | NL15DE1304450SA |
| Department Of Transportation, Office of the Secretary of Transportation | Program Analyst, GS-0343-9 (Open to All U.S. Citizens) MB | OST.SM-2015-0008 |
| Department Of Transportation, Federal Aviation Administration | Management and Program Assistant | AGL-AT-15-0055-39429 |
| Department Of Transportation, Federal Motor Carrier Safety Administration | Program Analyst, GS-0343-9 - (Open to U.S. Citizens) DM (SME) | FMCSA.FO-2015-0097 |

February 19, 2017

Page 2 of 3

*List is not exhaustive.
At least 13 additional positions applied for.

**Applications for Federal Employment**
**William L. Grant**

| U.S. Federal Agency | Job Title | Job Number |
|---|---|---|
| Department Of The Treasury, Internal Revenue Service | Internal Revenue Agent | 15CS6-LBX0047-0512-SV |
| Department Of Justice, Executive Office for U.S. Attorneys and the Office of the U.S. Attorneys | Legal Assistant (Office Automation) | 15-ILC-1398735-DE |
| Department Of Transportation, Pipeline and Hazardous Materials Safety Administration | Transportation Specialist, GS-2101-9/11/12 (Open to U.S Citizens) SW | PHMSA.PSRG-2015-0092 |
| Railroad Retirement Board | Railroad Retirement Claims Examiner | 15-DEU-17 1490200MB |
| Department Of Transportation, Office of the Secretary of Transportation | Equal Employment Opportunity Specialist, GS - 0260 - 9/11/12 (Open to All U.S. Citizens) MJ | OST.CR-2016-0006 |
| Export-Import Bank of the United States, Office of Small Business | Business Development Specialist | D006-16-SB-10000366 |
| Department Of Homeland Security, U.S. Secret Service | Criminal Investigator (Special Agent) | SA-NC001-16-RA |
| Department Of The Treasury, Office of the Inspector General for Tax Administration | Secretary | 16-TIGTA-214-P |
| Department Of Justice, Executive Office for U.S. Attorneys and the Office of the U.S. Attorneys | Legal Assistant (Office Automation) | 16-ILC-1773489-DE |
| Department Of The Treasury, Internal Revenue Service | Paralegal Specialist | CCSH-16-D76 |
| Department Of Agriculture, Farm Service Agency | County Operations Trainee (COT) | IL-2017-0011 |

*List is not exhaustive.
At least 13 additional positions applied for.

# APPENDIX W

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | William L. Grant<br>901 Wythe Road<br>Springfield, IL 62702 | From: | Chicago District Office<br>500 West Madison Street<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |

| EEOC Charge No. | EEOC Representative | | Telephone No. |
|---|---|---|---|
| 440-2017-04386 | Joseph E. Kuhel<br>Investigator | | (312) 869-8039 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Julianne Bowman*                                    7/18/17

Enclosures(s)

Julianne Bowman
**District Director**                              *(Date Mailed)*

cc:
Brad L. Jansen
Deputy General Counsel
**CHICAGO TRANSIT AUTHORITY**
567 W. Lake Street, 6th Floor
Chicago, IL 60661

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: William L. Grant<br>901 Wythe Road<br>Springfield, IL 62702 | From: Chicago District Office<br>500 West Madison Street<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|
| **EEOC Charge No.** | **EEOC Representative** | **Telephone No.** |
| 440-2017-01926 | Joseph E. Kuhel<br>Investigator | (312) 869-8039 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
| | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| **X** | The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge. |
| | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

_____
Julianne Bowman
**District Director**

7/18/17
*(Date Mailed)*

cc:   Fred V. Stewart, II
EEO/AA Officer
CENTRAL MANAGEMENT SERVICES
720 Stratton Office Building
Springfield, IL 62706

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:  William L. Grant
 901 Wythe Road
 Springfield, IL 62702

From:  Chicago District Office
 500 West Madison Street
 Suite 2000
 Chicago, IL 60661

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2017-04377 | Joseph E. Kuhel<br>Investigator | (312) 869-8039 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

**- NOTICE OF SUIT RIGHTS -**
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred** more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

_____          7/18/17
**Julianne Bowman**
**District Director**

Enclosures(s)                                                                      (Date Mailed)

cc:
 Edgar J. Curtis
 **Chief Executive Officer**
 **MEMORIAL MEDICAL CENTER**
 701 N. 1st Street
 Springfield, IL 62781

# APPENDIX X

**Illinois State Police**
**Complaint Against Department Member**

| | |
|---|---|
| DII Number | Date of this Report |

| Name of Complainant (Please Print) William Grent II | Date of Birth 09/15/1985 | Social Security No. 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 |
|---|---|---|

Address 901 Wythe Road, Springfield, Illinois

Home Phone 217-726-5289
Business Phone

Employer

| Date and Time of Incident | Address Where Incident Occurred South Grand Avenue +16th Street |
|---|---|

Name of Person(s) You Are Complaining About, If Known.

1.                                    2.

3.                                    4.

| Have You Reported This To Anyone Previously? ☒ Yes  ☐ No | If So, Whom: U.S. Department of Justice | Date 5/2016 |
|---|---|---|

**Persons Who Actually Saw Event (Including Self)**

| Name | Address | Phone No. |
|---|---|---|
| Jessica Neighbors | Home | |
| | Business Springfield Clinic Spfld, IL | |
| Alexa Grillman | Home | |
| | Business Olive Garden Spfld, IL | |
| Ashleigh Sunderfield | Home | |
| | Business St. John's Hospital Spfld, IL | |
| Jenna Broom | Home | |
| | Business SIU School of Medicine Spfld, IL | |
| | Home | |
| | Business | |

Print Summary of Occurrence of Which You Are Complaining:

I am filing a complaint against the Illinois State Police
Officer who issued me a ticket for Driving Under the
Influence in 2009. He racial profiled me for being a
Black-man with four White women in my vehicle.

I am also bringing the Illinois State Police documentation
of fraud, waste, abuse, and Criminal activity in the State
of Illinois, the City of Chicago, Cook County, and Sangamon
County.

The Illinois State Police should review all electronic communications
(e-mails) sent to them from wgrem2@gmail.com. That
email account has provided the Illinois State Police will the
information needed to investigate major fraud, waste, and abuse

(Summary Continued on Other Side)

IL 493-0228                                    ISP 3-23 (1/06)

**CONTINUATION OF SUMMARY**

Please refer to the case: Grant II v. Kaboker et al filed in the Central District of Illinois Federal Court. The case number is 16-3132

**Complainant's Initials**

**Please Read Before Signing**

☒ I understand, and it is my desire, that this complaint be investigated diligently. I declare that the allegations contained in this complaint are true.

☒ I also understand that it is a violation of 720 ILCS 5/26-1(a)(4) to willfully make a false report. In the event the report is proven to be false, the information may be provided to the State's Attorney for possible prosecution.

☐ The complainant in this matter is either unknown, unable, or is unwilling to swear out the affidavit. The information contained in this form is a true and accurate summary of the incidents as related to me by the complainant.

**Signature of Complainant**

OFFICIAL SEAL
SALLY A. MCDANIEL-SMITH
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-10-2016

**Notary Signature**

SEAL

The signature of William L. Grant II, was subscribed and sworn before me, this 27th day of June, 20 16

| Person Receiving Complaint: | ID No. | Place Taken: | Date: | Time: |
|---|---|---|---|---|
| | | | | |

**DISTRIBUTION**
Original direct to DII
First copy through channels to Deputy Director
Second copy investigative file

| RECEIPT ACKNOWLEDGED | |
|---|---|
| Supervisor | |
| District Commander | |
| Area Commander | |
| Assistant Deputy Director | |
| Deputy Director | |

# APPENDIX Y



**ILLINOIS STATE POLICE**
*Division of Internal Investigation*

Bruce Rauner
*Governor*

June 30, 2016

Leo P. Schmitz
*Director*

Mr. William Grant II
901 Wythe Road
Springfield, Illinois  62702

Dear Mr. Grant:

      Re: Your complaint received June 28, 2016
         ISP/DII File No. IL16AA00181

      On June 28, 2016, the Illinois State Police (ISP), Division of Internal Investigation (DII), received your complaint alleging racial profiling and fraud in the State of Illinois.  A preliminary inquiry into the matter was conducted and DII determined there was insufficient evidence to warrant an investigation.  The ISP considers this matter closed.

      Thank you for your cooperation and for bringing this matter to the attention of the ISP. Please do not hesitate to contact me or Southern DII Commander Jeffrey Jacobs at 217/782-8744 if you have any questions.

               Sincerely,

               Deborah A. Simental
               Colonel

DAS:tpf
cc:  Southern DII Commander Jeffrey Jacobs
     Master Sergeant Tom Fillman
     Ms. Annette McCarthy
     ISP/DII File No. IL16AA00181 TN21

801 South Seventh Street   •   Suite 100-N
Springfield, IL 62703-2487
(866) 288-8254 (voice)   •   1-(800) 255-3525 (TDD)
www.illinois.gov  •  www.isp.state.il.us

# APPENDIX Z

## Illinois State Police
### Complaint Against Department Member

| | | |
|---|---|---|
| **DII Number** IL16AA00781 | **Date of this Report** 7/28/16 | |

| Name of Complainant (Please Print). William Lee Grant II | Date of Birth 9/15/85 | Social Security No. 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 |
|---|---|---|
| **Address** 901 Wythe Road | | **Home Phone** (217) 726-5269 |
| **Employer** | | **Business Phone** |

| Date and Time of Incident 7/25/16 03:51 | Address Where Incident Occurred 801 S. 7th Street Springfield, Illinois 62703 |
|---|---|

| Name of Person(s) You Are Complaining About, If Known. |
|---|
| 1. Trooper Tyler Price |
| 2. Thomas Fillman / Anne McCarthy |
| 3. Annette McCarthy |
| 4. Joshua Morrison/ John P Schmidt/ Richard Kim |

| Have You Reported This To Anyone Previously? ☒ Yes  ☐ No | If So, Whom: U.S. Department of Justice/Sangamon Sheriff's | Date 5/15/16 |
|---|---|---|

### Persons Who Actually Saw Event (Including Self)

| Name | | Address | Phone No. |
|---|---|---|---|
| William Lee Grant II | Home | 901 Wythe Road, Springfield, Il 62702 | (217) 726-5269 |
| | Business | | |
| William "Bill" House | Home | | |
| | Business | 801 S. 7th Street - Illinois State Police | (217) 786-7107 |
| Sean O'Shea | Home | | |
| | Business | 230 W. Monroe, Chicago, Illinois | (312) 759-7505 |
| Ryan Croke | Home | - | - |
| | Business | University of Illinois at Springfield | (217) 206-6600 |
| | Home | | |
| | Business | | |

**Print Summary of Occurrence of Which You Are Complaining:**

I was stopped for Driving While Black in 2009. An Illinois State Trooper (Price) and a Sangamon County Assistant State's

Attorney (Morrison) told me they had a warrant to draw my blood. The Trooper racially profiled me. I was held in an ISP

van for more than three hours. The Illinois State Police and my law firms refuse to release the DVD, and have provided

no copy of a warrant issued by a judge to approve my blood to be drawn. I was wrongfully prosecuted for Driving Under

the Influence.

I filed a complaint pertaining to this matter and corruption in Illinois. Though proivded with the necessary information,

ISP delcared they did not have enough information to investigate the matter. ISP's own records obtained after a three

week wait through a FOIA Request provided no copy of a warrant. The FOIA Request contained lies in the Officer's

Sworn Statement.

The ISP Response to my Complaint is filled with lies. William "Bill" House gave me the ISP Complaint form. Mr. House on

a seperate day accepted the notarized Complaint and documents. On another day, Mr. House accepted additional

documentation from my imprisonment at Memorial Medical Center in Springfield, IL. The day Mr. House accepted

additional information, a white male was behind him. At no time on ISP property has a female Trooper (Strandberg)

speak with me. I went to the home of my friend, Greg Harris, Assistant U.S. Attorney, to receive payment for moving

**(Summary Continued on Other Side)**

IL 493-0228

ISP 3-23 (1/06)

**CONTINUATION OF SUMMARY**

a couch. Mr. Harris and I have never spoken about my wanting to return to the Illinois Department of Transportation. Mr. Harris

and I have talked about fraud, waste, abuse, civil rights violations, and criminal activity in the Illinois Department of

Transportation and the State of Illinois. The U.S. Attorney's Office, Federal Bureau of Investigation, Illinois Attorney General's

Office, U.S. Department of Labor, and Rick Kabaker (IDOT) began an email chain discussing fraud, corruption, and criminal

activity in the State of Illinois and Illinois. Illinois House Speaker, Michael J. Madigan, and his members joined the email chain.

The email chain spread to include current and former employees of the State of Illinois, including the Office of the Executive

Inspector General. The U.S. Marshals and FBI can confirm I went to Greg's House for payment, and not to get my job back.


Some Democrats and Federal Prosecutors had me planted in the State of Illinois. I was planted in the State of Illinois to be

retaliated, harassed, discriminated against, and "Blacklisted" for filing an Ethics and Civil Rights Complaint. Including harassed

I was planted in the State of Illinois to be able to inform the FBI, U.S. Attorney's Office, and other investigatory units how

the State of Illinois and Illinois operates. Democrats and employees of the State of Illinois "loaded me up" with all of Illinois'

dirt, and left with no choice but to seek assistance from the U.S. Department of Justice.


The message is: Democrats are United and Organized. Unions are United and Organized.

_____
**Complainant's Initials**

| | | |
|---|---|---|
| **Please Read Before Signing** | | |
| [X] I understand, and it is my desire, that this complaint be investigated diligently. I declare that the allegations contained in this complaint are true. | *Signature of Complainant* | |
| [X] I also understand that it is a violation of 720 ILCS 5/26-1(a)(4) to willfully make a false report. In the event the report is proven to be false, the information may be provided to the State's Attorney for possible prosecution. | | |
| [ ] The complainant in this matter is either unknown, unable, or is unwilling to swear out the affidavit. The information contained in this form is a true and accurate summary of the incidents as related to me by the complainant. | *Notary Signature* | **OFFICIAL SEAL** **DEANNE M. FLECK** NOTARY PUBLIC, STATE OF ILLINOIS MY COMMISSION EXPIRES 5-16-2018 |

The signature of _William Grant II_, was subscribed and sworn before me, this __28th__ day of __July__, 20 __16__.

| Person Receiving Complaint: | ID No. | Place Taken: | Date: | Time: |
|---|---|---|---|---|
| | | | | |

| DISTRIBUTION | RECEIPT ACKNOWLEDGED | |
|---|---|---|
| Original direct to DII First copy through channels to Deputy Director Second copy investigative file | | |
| | Supervisor | |
| | District Commander | |
| | Area Commander | |
| | Assistant Deputy Director | |
| | Deputy Director | |

# APPENDIX AA

**Illinois State Police**
**Complaint Against Department Member**

| | Dii Number | Date of this Report |
|---|---|---|

Name of Complainant (Please Print). William Lee Grant II

Date of Birth 09/15/1985

Social Security No. 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

Address 901 Wythe Road   Springfield, IL 62702

Home Phone (217) 726-5269

Employer 901 Wythe Road

Business Phone

Date and Time of Incident 11/26/2009

Address Where Incident Occurred 201 So Grand Avenue East, Springfield, IL 62704

Name of Person(s) You Are Complaining About, If Known.
1. ISP Trooper Tyler Price    2.
3.    4.

Have You Reported This To Anyone Previously?
☒ Yes   ☐ No

If So, Whom: Illinois State Police

Date 2016

**Persons Who Actually Saw Event (Including Self)**

| Name | | Address | Phone No. |
|---|---|---|---|
| William Lee Grant II | Home | 901 Wythe Road, Springfield, IL | (217) 726-5269 |
| | Business | | |
| Tyler Price (ISP Trooper Tyler Price) | Home | | |
| | Business | 801 So Seventh St. Springfield, IL | (217) 782-7263 |
| Jenna Broom | Home | | |
| | Business | IL Dept. Central Management Services | (217) 782-2548 |
| Joshua C. Morrison (Assistant State Attorney now Fayette S.A.) | Home | | |
| | Business | 221 So. Seventh St, Vandalia, IL | (618) 283-5540 |
| Ashleigh D. Sonderfeld | Home | | |
| | Business | 800. East Carpenter Ste SPI | (217) 547-6464 |

Print Summary of Occurrence of Which You Are Complaining:

William Lee Grant II was stopped while operating a motor vehicle on Nov. 26, 2009 in Springfield, IL. William Lee Grant II was arrested and issued two Driving Under the Influence tickets (#6247601+ 6248585) by Illinois State Police Trooper Tyler Price. ISP Trooper Tyler Price issued William Lee Grant II four (4) additional traffic tickets.

ISP Trooper Tyler Price failed to issue William Lee Grant II a Miranda warning / Miranda Rights.

Joshua C. Morrison, Assistant Sangamon County State's Attorney, presented William Lee Grant II with a written admonishment claiming it to be a warrant authorizing William Lee Grant's blood to be

(Summary Continued on Other Side)

IL 493-0228

ISP 3-23 (1/06)

CONTINUATION OF SUMMARY

drawn by the Illinois State Police.

ISP Trooper Tyler Price failed to obtain a warrant to draw William Lee Grant II's blood. ISP Trooper Price assaulted William Lee Grant II by drawing his blood without a warrant.

ISP and Sangamon County have produced no copy of a warrant.

The Justice Department said William Lee Grant II's lane change (cause for traffic stop) was legal.

The Illinois Attorney General's Office does not deny the allegations or criminal activity of ISP and Sangamon County States Attorney. ISP tickets: 6247604; 6247605; 6247702; 6247603; 6247601; 6248585 See Petition for Writ of Certiorari (143 pages) for additional information.

_WL_ 8/31/2017

**Complainant's Initials**

DUI S Filed 11/30/2009 &
12/31/2009

---

**Please Read Before Signing**

_WL_ I understand, and it is my desire, that this complaint be investigated diligently. I declare that the allegations contained in this complaint are true.

_WL_ I also understand that it is a violation of 720 ILCS 5/26-1(a)(4) to willfully make a false report. In the event the report is proven to be false, the information may be provided to the State's Attorney for possible prosecution.

☐ The complainant in this matter is either unknown, unable, or is unwilling to swear out the affidavit. The information contained in this form is a true and accurate summary of the incidents as related to me by the complainant.

_William Lee ls_  8/31/2017

**Signature of Complainant**

STATE _Illinois_ COUNTY _Sangamon_

SIGNED BEFORE ME _31_ DAY _Aug, 201 7_

NOTARY PUBLIC _Mary E Chance_

OFFICIAL SEAL
MARY E CHANCE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/25/19

Notary Signature

SEAL

The signature of _____ , was subscribed and sworn before me this _____ day of _____ , 20 ____ .

| Person Receiving Complaint: | ID No. | Place Taken: | Date: | Time: |
|---|---|---|---|---|

**DISTRIBUTION**
Original direct to DII
First copy through channels to Deputy Director
Second copy investigative file

| RECEIPT ACKNOWLEDGED | |
|---|---|
| Supervisor | |
| District Commander | |
| Area Commander | |
| Assistant Deputy Director | |
| Deputy Director | |

119